McLANE and Others *v.* ELMER.

A promissory note was made payable, in terms, without the benefit of the stay of execution. Suit was brought upon the note and the Court rendered judgment for the plaintiff, and that the defendant should have no stay of execution. *Held,* that so much of the judgment as prohibited the stay of execution was erroneous.

Courts of law, as a general rule, do not enforce the specific performance of agreements unless specially authorized to do so by statute; but award damages for the breach of them.

ERROR to the *Wayne* Circuit Court.

PERKINS, J.—*Charles N. Elmer* brought an action of assumpsit upon a promissory note and assignment, of which the following are copies:

" *Centreville,* 23d *January,* 1847. $300. Twelve months after date, we or either of us promise to pay *Roswell Elmer,* or order, 300 dollars, with interest from date, value received, without the benefit of the stay of execution, or appraisement or valuation laws. *Lewis McLane, Alexander Cheesman, William McLane.*"

"I assign the within note to *C. N. Elmer. Roswell Elmer.*"

The defendants, the makers of the note, pleaded the general issue. The cause was submitted to the Court, and judgment rendered that the plaintiff recover, &c., and that the defendants have no stay of execution, &c.

That part of the judgment prohibiting the stay of exetion, must be reversed with costs, and the residue of the judgment must be affirmed. *Duerson* v. *Bellows,* 1 Blackf. 217.—*Develin* v. *Wood,* 2 Ind. R. 102. Courts of law, as a general rule, do not enforce the specific performance of agreements, unless specially authorized to do so by statute; but award damages for the breach of agreements.

*Per Curiam.*—That part of the judgment prohibiting the stay of execution is reversed with costs. The residue is affirmed.

*J. B. Julian,* for the plaintiffs.

*O. P. Morton* and *C. H. Test,* for the defendant.