Sanford and Another *v.* Freeman and Another.

*A.* recovered a judgment against *B.* in the *Elkhart* Circuit Court, at the *September* term, 1840, for 541 dollars. On the 1st of *November*, 1841, *C.* and *D.* executed on the judgment-docket, immediately below the entry of said judgment, a writing obligatory, as follows: We, the undersigned, hereby acknowledge ourselves replevin bail and *security* for the payment of the above judgment and interest, in manner following, to-wit: 100 dollars within sixty days from date, and the balance in three equal annual instalments in one, two and three years, provided that no execution shall at any time issue for any greater sum than shall be actually due upon said judgment, according to the foregoing stipulations, at the time of issuing said execution. No execution having been issued at any time for any greater sum than was actually due thereon at the time of issuing the same, according to the stipulations in said obligation, and the judgment being in force and unpaid, *A.* sued *C.* and *D.* in debt upon the obligation. *Held*, that the suit could be maintained.

APPEAL from the *Elkhart* Circuit Court.

DAVISON, J.—Debt by the appellees against the appellants. The declaration alleges that the plaintiffs, at the *September* term, 1840, recovered a judgment in the *Elkhart* Circuit Court against one *George N. Martin*, for 541 dollars; and that on the first of *November*, 1841, the defendants executed on the judgment-docket of the Court, immediately below the entry of said judgment, their writing obligatory in these words: "We, the undersigned, hereby acknowledge ourselves replevin bail and *security* for the payment of the above judgment and interest, in manner following, to-wit: one hundred dollars within sixty days from this date, and the balance thereof in three equal annual instalments, in one, two and three years; provided

that no execution shall at any time issue for any greater sum than shall be actually due upon said judgment, according to the foregoing stipulations, at the time of the issuing of said execution." It was further alleged, that no execution was at any time issued upon said judgment for any greater sum than was actually due thereon at the time of issuing the same, according to the stipulation in the writing obligatory; and that the judgment is in full force and unpaid, &c. Demurrer to the declaration overruled, and judgment for the plaintiff.

In support of the demurrer, it is contended that the instrument declared on is not a valid contract; that when it was executed, the judgment had ceased to be repleviable; that it was imperative as a recognizance of replevin bail, and, therefore, invalid for any purpose.

That position is untenable. If the instrument was in form a mere recognizance, or had been the foundation upon which an execution could have issued, the right to sue upon it might be questionable. But as it stands, we can perceive no reason why it should not constitute a valid obligation. It was entered into voluntarily, contains every requisite of a binding contract, and its purpose seems to be in conflict with no principle of the law. In point of fact, the parties may have intended the instrument to operate as a recognizance of replevin bail; but it evidently had another object, viz., to secure the payment of the judgment by instalments at given periods. The instrument, no doubt, has the force of an ordinary agreement. And why should it not bind the appellants to pay in the manner stipulated? To secure the judgment to the judgment creditors, was the main object of the entry upon the docket. And we are bound to give that entry such a construction, if possible, as will accomplish and not defeat its purpose. Forbearance to issue execution against the judgment defendant, was the sole consideration upon which the instrument was executed. This the appellees have performed. The appellants have received all the benefit to which they were entitled under the agreement; and to permit them to

evade a fulfilment of the contract on their part, would, in our opinion, enable them to commit a direct fraud.

The demurrer was properly overruled.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. A. Liston,* for the appellants.

*J. L. Jernegan,* for the appellees.