Syllabus.     Statement of the case.

## JOSEPH L. HUME *et al.*
### *v.*
## GEORGE B. GOSSETT.

43    297
121   644
123   662

43    297
44a   183

43    297
50a   188

43    297
72a   154

43    297
108a  ²614

1. STATUTES — *construction of.* Section seven of the township organization act of 1861, making a town collector's bond a lien upon all of his real estate, does not repeal the homestead exemption act, so far as his bond is concerned.

2. SAME — *repeal of by implication — not favored — repugnance must be evident.* A repeal of a law by implication is not favored ; to resort to this, the repugnance between the statutes must be so clear and plain, that they cannot be reconciled.

3. JUDGMENT — *on official bond of collector — no lien on the homestead.* A judgment rendered against a town collector upon his official bond, is like any other judgment, and creates no lien which can be enforced against his homestead, except in the mode pointed out by statute.

4. HOMESTEAD — *right — how protected.* The homestead right is protected against all liens and sales, and against all modes of conveyance, whether by deed absolute, or by mortgage, unless released or disposed of, in the mode pointed out in the homestead act.

5. SAME — *legislative intention.* The legislature did not design to place the State, as to its revenue, in any better position than the citizen was placed in regard to the collection of his debt, as against the homestead of the debtor.

6. SAME — *when may be sold in execution.* When the value of the homestead exceeds $1,000, on paying that sum to the owner, it may be sold under an execution; and in such a contingency, a judgment, whether upon the official bond of a collector, or otherwise, may be enforced, but it does not create any lien against the homestead of the debtor.

WRIT OF ERROR to the Circuit Court of Edgar county ; the Hon. O. L. DAVIS, Judge, presiding.

This was a bill in chancery, filed by George B. Gossett, in the Circuit Court of Edgar county, against Joseph L. Hume and William Ross, impleaded with the trustees of schools of township sixteen, ranges thirteen and fourteen, in Edgar county, to set aside the sale of certain lands owned by the complainant, made upon two judgments obtained in said Circuit Court, against one James C. Burson, complainant's grantor. The defendants demurred to the bill, alleging a want of equity, which demurrer

the court overruled; and the defendants having elected to stand by their said demurrer, the court ordered the sales set aside, and granted a perpetual injunction against collecting the said judgments out of said lands. Whereupon the defendants prosecuted their writ of error to this court.

There is but a single question presented by the record for the decision of this court, and which is stated in the opinion.

Messrs. JOHN SCHOLFIELD and R. N. BISHOP, for the plaintiffs in error.

Mr. JAMES A. EADS, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The plaintiff in error makes this single question upon this record: "Is a judgment against a town collector, on his official bond, a lien upon his homestead?"

To determine this question, we have only to look to the statute, and to the decisions of this court thereon. The plaintiff in error contends, inasmuch as the township organization act was passed subsequent to the homestead act, and as it contains a provision inconsistent with that act, it necessarily repeals it.

What is that provision? It is this: after providing, that the collector shall execute a bond to the supervisor, section seven provides, that every such bond shall be a lien upon all the real estate, severally, of such collector, within the county, at the time of filing thereof, and shall continue to be such lien until its conditions, together with all costs and charges, which may accrue by the prosecution thereof, shall be fully satisfied. Sess. Laws of 1861, p. 227.

The act of 1851, relating to township organization contained this same provision. Scates' Comp. 330. It was approved on the 17th of February, 1851. On the 11th of February, preceding, the homestead act was passed. On the 17th of February, 1857, this act was amended, by a law declaring, that the object of the act was to require, in all cases, the signature and acknowledgment of the wife as conditions to the alienation of the homestead.

When, in 1861, the legislature revised the act of 1851, section seven of the act of 1851, making the collector's bond a lien, was merely transferred, without alteration, to the act of 1861, above quoted. There is nothing in this legislation manifesting an intention to change the law as it had theretofore existed. Had it been the purpose of the legislature to deprive township collectors and their families of the benefit of the homestead act, such a purpose would have been clearly expressed, or the legislation be made so repugnant, that the last could not stand with the first. The legislature seem to have been very regardful of this homestead right. A repeal of a law by implication is not favored. The repugnance between statutes must be so clear and plain, that they cannot be reconciled, to justify a resort to this doctrine. *Bruce* v. *Schuyler*, 4 Gilm. 221; *Town of Ottawa* v. *County of La Salle*, 12 Ill. 339.

Although the collector's bond be a lien on all the real estate of the maker of it, so is a judgment; but, as this court said in *Green* v. *Marks*, 25 Ill. 221, a judgment was not a lien upon the homestead.

If the bond be a lien, and the judgment rendered upon it also a lien, it is one which, under the decisions of this court, cannot be enforced, as against the homestead, except in the mode pointed out in the statute. *Pardee* v. *Lindley*, 31 Ill. 187.

In our view of this legislation, the homestead right is protected against all liens and sales, and against all modes of conveyance, whether by deed absolute or by mortgage, unless it shall be released or disposed of in the mode prescribed in the act.

There is nothing in this legislation, upon the two subjects of revenue and homestead exemption, to authorize the inference, that the legislature designed to place the State, as to its revenue, in any better position than the citizen was placed in regard to the collection of his debt.

This homestead right may in some cases be taken from the owners, as, where the land on which it arises is of a value exceeding $1,000. On paying that amount to the claimant, it may be sold under an execution; so that, while it cannot be

asserted as universally true, that a judgment on a collector's bond is a lien upon the homestead, it may be asserted it is so, *sub modo*. The case of *Green* v. *Marks, supra*, is full to the point, that a judgment is not a lien upon it, and we see no difference in principle between that case and this. We are satisfied it was not the intention of the legislature to place the collectors of the public revenue and their families in any worse position, or one less favored, than was that of the citizens generally. The policy of the law, as we have often said, was to secure a home for the unfortunate debtor and his family, and to be secure from the reach of creditors, except in the mode prescribed by the law.

The decree of the Circuit Court, overruling the demurrer to the bill, must be affirmed.

*Decree affirmed.*