State of Missouri v. Pitts, et al.

———o———

STATE OF MISSOURI Plaintiff in Error, vs. EZEKIEL PITTS, et al., Defendants in Error.

1. *Homestead—Forfeited recognizance—Execution in favor of the State.*—In case of an execution issued against the surety on a forfeited recognizance, his homestead, under the law, (Wag. Stat. 697, ₰ 1,) is exempt, notwithstanding that the creditor is the State.

*Error to Bollinger Circuit Court.*

*B. B. Cahoon,* for Plaintiff in Error.

I. The statute of our State nowhere directs that in criminal proceedings of bail, no person shall be accepted as bail who is not possessed of property greater than the amount exempt by law from execution. (W. S. 1078, § 30.)

II. The enforcement of the homestead law in cases like the one at bar, would interfere with and retard the administration of criminal justice. Its enforcement in such cases is essential to the soverign capacity of the State, (Broom's Legal Maxims, 5th Am. Ed., § 72,) and a sound public policy requires that the State be held not subject to the operation of exemption or homestead laws, unless expressly named in such statutes.

III. A proceeding by *fieri facias* upon a forfeited recognizance is not a civil action within the meaning of the practice act, but is a mere continuation of an existing proceeding which was criminal in its nature. (State *vs.* Randolph, 22 Mo., 474.)

The statute providing for the relief of insolvents confined on criminal process (W. S. 1125) in default of the payment of any costs or fines on account of any criminal proceeding, expressly negatives the exemption of property in such cases, by providing that the person so committed shall surrender *all* his property (except the wearing apparel of himself and family) and that all the estate then or afterwards owned by such person, shall be liable to execution for the payment of such costs and expenses, (Wag. Stat. 1125, 1126, §§ 10, 13, 15.) By analogy the application is pertinent in this case.

IV. The language used by the Legislature in W. S., 697, § 1, does not embrace or apply to executions issued in the name of the State. It is a principle of universal application in the construction of Statutes, that the State will not be considered included *unless by express provision or necessary implication.* (Sedgwick on Con. & Stat. Law, p. 395, and authorities there cited; Broom's Legal Maxims, 5th Am. Ed. from 3d London Edition, § 72; Broom's Leg. Max., § 72; Chit. Pr. Crown, 366, 388; Rex. v. Copland, Hughes, 204, 203; Vin. abv. statutes, Ed. 10.)

V. The homestead act exempting property from satisfaction of debts, is a statute against common right, and must be strictly construed. (Sedg. on Con. and Stat. Law, 344, 345, 346 and 347; Rue *vs.* Alter, 5 Denio, 119; Allen *vs.* Cook, 26 Barb. 347; Alson *vs.* Nelson, 3 Min. 53.)

*A. C. Ketchum*, for Defendant in Error.

The land levied upon was exempt from levy and sale. G. S. 1865, Chap. 111, § 1; Spencer v. Gutman, 37 Cal.

WAGNER, Judge, delivered the opinion of the court.

The facts in this case are agreed upon, and the only question is whether the owner of a homestead can claim exemption, against an execution issued in favor of the State.

The defendant, Abernathy, was surety on a forfeited recognizance, on which the State obtained a final judgment and caused execution to be issued. He was the head of a fam-

ily, and owned one hundred and twenty acres of land on which he resided, valued at less than fifteen hundred dollars, which was acquired previous to the time the obligation accrued. When the sheriff levied on the premises, he claimed that they were exempt under the provisions of the homestead act, but they were sold, notwithstanding; and he then moved the court to set the sale aside, which motion was sustained. Had the judgment been in favor of any one other than the State, it is conceded the property would not have been liable to be sold. But it is contended, that the State is not bound by the statutory exemption concerning homesteads.

The general rule in the construction of statutes is to interpret them, so as not to embrace the sovereign power of the State or affect her rights, unless she be specially named, or it be clear by necessary implication that she was intended to be included. The Legislature in the provision of the law respecting homesteads, uses the broadest language, and exempts from attachment and executions, the homestead in all cases except as therein provided. (1 Wag. Stat. 697, § 1.) The exceptions extend to certain specified cases, but no reservation is anywhere made in favor of the State. As illustrative of the intention of the law-making power, light may be thrown on the subject by reference to analagous legislation. In the chapter on executions (1 Wag. Stat. 603, § 9), it is declared that certain enumerated personal property shall be exempt from attachment and execution, but the State is not named in the act as being bound by the exemption. Still the Legislature considered the State as being included in the same manner as an individual, for we find that in section 15, it is declared that nothing contained in this chapter shall be construed so as to exempt any property from seizure and sale for the payment of taxes due the State or any city or county thereof, showing clearly that it was the intention to include the State, and that the property may be seized by the State only in the specified instance provided for in the fifteenth section. The language employed in making the exemption, is the same in both the execution and homestead acts. The acts are on kind-

red subjects in *pari materia*, and may be construed to-gether. They have a common object in view. In the one case it is to allow the family for their comfort and support to keep certain necessary articles, of which they cannot be de-prived; and in the other to have a secure and permanent home, free from the attacks of all creditors.

From the language used in the enactment, and the history of our legislation on the subject, I think the State is included by implication, and that she does not stand in an attitude differ-ent from any other creditor.

The judgment must therefore be affirmed. Judge ADAMS concurs. Judge BLISS absent.