THE STATE v. GEDDIS.

1. **Homestead**: CHANGE OF: EXEMPTION OF PROCEEDS. Where the owner disposes of his homestead with the intention of investing the proceeds in another homestead, they are exempt from process in the same manner as the homestead itself would have been, and he is allowed a reasonable time after the sale of the old homestead in which to purchase the new.

*Appeal from the Jasper District Court.*

MONDAY, OCTOBER 23.

THE defendant was the owner of 34 acres of land in Jasper county on which he with his family resided, it being a home-

stead. In October, 1872, he sold and conveyed his said home-stead to one Eberhart, for the sum of sixteen hundred dollars, and took a mortgage on said land for fourteen hundred dollars of the purchase money. Eberhart failed to pay the notes secured by said mortgage, and in March, 1874, defendant obtained a foreclosure of the mortgage. The land was sold on the decree of foreclosure, subject to redemption, and at the sale was bid off by defendant for the amount of his debt and costs.

In March, 1875, Eberhart redeemed the land by paying to the clerk of the court the amount of the judgment, interest and costs. On the same day a garnishment notice was served on the clerk, on an execution on a judgment of the State of Iowa against said S. G. Geddis, rendered in March, 1875, and the clerk retained in his hands enough to pay said judgment, amounting to some $675. The defendant had been a resident of Jasper county for more than six years, and continued to reside therein at the commencement of this suit. He had in no way parted with his ownership in the proceeds of his homestead, and he sold his homestead for the purpose of using the proceeds thereof in the purchase of another in Jasper county, and still intends so to do. He claims that said money is exempt from levy, and not liable to be taken in payment of said judgment.

To a petition in intervention setting forth the above facts a demurrer was filed, which was overruled, judgment rendered thereon, and the State appeals.

*Ryan Bros.*, for appellant.

*R. A. Sankey*, for appellee.

ROTHROCK, J.—There is but one question presented. Is

1. HOMESTEAD: change of: exemption of proceeds.

the money, being the proceeds of the homestead, exempt from execution on the judgment of the State against the defendant? Sec. 2000 of the Code provides that, "The owner may from time to time change the limits of the homestead by changing the metes and bounds,

as well as the record of the plat and description, or may change it entirely . *    *    *    *    ."

Sec. 2001. "The new homestead, to the extent in value of the old, is exempt from execution in all cases when the old or former homestead would have been exempt, but in no other, nor in any greater degree."

Here is an absolute right given to exchange one homestead for another, or to sell the homestead and acquire a new one, which shall be exempt to the same extent as the former one.

There is no prescribed method as to how this shall be done. The statute does not provide that the sale must be for money in hand, which must be immediately invested in the new homestead; that is, that the selling of the old and purchasing the new must be simultaneous acts. We must give the statute a reasonable construction so as to effectuate its object. If a homestead be sold and the proceeds applied to some other use there is no doubt that the exemption would cease, but where the sale is made on a credit and with the intention of using the proceeds when collected in purchasing another homestead, and the proceeds are not put to any intervening use, they are exempt while thus in *transitu*, so to speak, from the old homestead to the new. Any other rule would practically prohibit the changing of homesteads.

The length of time intervening between the sale of the old and the acquiring of the new is not essentially a controlling circumstance. A considerable lapse of time may not be inconsistent with an honest intention to change the homestead. No better illustration of this can be given than this case. The facts show that the defendant was compelled to resort to a legal proceeding, and a sheriff's sale of the property to collect the purchase money, and on the day on which the money was paid to the clerk it was garnished. The defendant alleges that his intention was at the time of the sale, and now is, to use this money in the purchase of a new homestead in Jasper county. There is nothing in the facts inconsistent with such intention, although a considerable time has elapsed since the sale of the homestead.

The question is somewhat analagous to that of abandon-

ment of a homestead. Mere absence from the homestead is
not an abandonment if there be a *bona fide* intention to return
and occupy it. The intention to change homesteads is prop-
erly set forth in the petition. It was a fact on which plaintiff
might have taken issue. But as the demurrer admits this
fact, we think the judgment of the District Court should be

AFFIRMED.