## McKinley et al. *v.* Snyder.

REPLEVIN BAIL.—*Stay of Execution beyond Six Months.*—*Failure of Co-Recognizor to Sign.*—The attorney of the judgment creditor having proposed to the judgment debtor to stay execution on a judgment for fifteen months, if the latter would procure certain persons to execute the necessary recognizance, and such recognizance, in the form "We," naming the bail proposed "hereby acknowledge ourselves replevin bail," etc., having been prepared, was signed by one of the recognizors only, to become operative when signed by the other; but it was never either signed by the latter or approved by the clerk.

*Held*, that the recognizance never became operative.

From the Montgomery Circuit Court.

*P. L. Kennedy, W. T. Brush, G. D. Hurley* and *B. Crane*, for appellants.

*B. T. Ristine, T. H. Ristine, H. H. Ristine, A. Thomson*, and *J. McCabe*, for appellee.

PERKINS, J.—The general facts of this case are as follows:

Jacob W. McKinley recovered a judgment for $931.05, in the circuit court of Montgomery County, Indiana, on the 26th Day of April, 1875, against Samuel Harlow and James H. Steel.

On July 20th, 1875, the following entry was made on the order book of said court, below said judgment, and was signed by Joseph Snyder, the appellee, only :

"We, Garrett Harlow and Joseph Snyder, hereby acknowledge ourselves replevin bail for the stay of execution on the above judgment, for the payment of the same, together with interest and cost accrued and to accrue, and the plaintiff agrees that execution shall not issue on this judgment for the term of fifteen months from this date, July 20th, 1875.

" Jos. Snyder."

This undertaking was never completed. It was never signed by Garrett Harlow, whose name appears in the body; nor was it ever approved by the clerk of the circuit court. And the day this suit was instituted an effort was being made to have an execution issued on said judgment, against said Snyder, as replevin bail. And this suit was brought by him, asking to be declared released from any liability by reason of his signature.

The cause was tried by a jury, and a verdict found for Snyder, the appellee, and, over a motion for a new trial, judgment was rendered on the verdict.

The appellant states the facts of the case, in his brief, thus :

" Jacob McKinley, appellant, recovered a judgment in the Montgomery Circuit Court, against Samuel Harlow and James H. Steel. The judgment debtors wanted a stay of execution and an extension of the time thereof beyond the statutory period; and Steel, one of the judgment debtors, and Snyder, the appellee, went to see Hurley, attorney of McKinley, the appellant, who agreed with the parties named, that, if they would procure replevin bail, execution should be withheld for fifteen months. Said Hurley wrote the replevin bond, as it appears in the record, being informed by the judgment defendant Steel and the appel-

lee, Snyder, that one Garrett Harlow was going on the replevin bond also. The parties all went to the clerk's office ; the deputy-clerk copied the replevin bond, as written by Hurley, below the judgment, in the order book ; Snyder, appellee, signed it, and the clerk told Snyder he would withhold his approval till Garrett Harlow should also sign it. Harlow never did sign it, and it remained in that condition until the fifteen months had expired, upon which McKinley ordered execution against Snyder, who thereupon brought this suit to secure a release from said recognizance."

The appellants make three points :

1. That the appellee was negligent, in delaying this suit such a length of time.

2. That, when Snyder signed his name as replevin bail upon the record, the entry became a judgment confessed, as against him. 2 R. S. 1876, pp. 203, 311, secs. 427, 790.

3. If the recognizance of bail is not valid as a judgment, it is a contract, and therefore the party should not be released from it. *Sanford* v. *Freeman,* 5 Ind. 129.

On the other hand, the appellee insists that the position of the appellant, as to negligence, is not tenable, because the entry in question was never binding upon him, either as a judgment or as a contract, for the reason that it was never perfected, as the appellant well knew ; that hence it did not delay execution on the judgment, nor subject appellee to any liability ; further, that it was invalid as a recognizance of bail, because not in conformity to the requirements of the statute. 2 R. S. 1876, p. 201, sec. 420, and notes on page 202.

We think the following synthetic statement presents the fair result of an analysis of the evidence in the case, with the conclusions we draw from it:

The appellant McKinley, on a certain day, recovered a judgment for a certain amount, in the Montgomery Circuit Court, against Samuel Harlow and James H. Steel, upon which, if not stayed, execution might issue. Said McKinley, by his attorney, proposed to the judgment debtors, that, if they would procure Garrett Harlow and Joseph Snyder to sign, upon the record or order book of said court, below the judgment, an entry which should be a copy of the paper said attorney then and there drafted, he would delay the issue of such execution on said judgment for fifteen months. Snyder, pursuant to the above proposition of McKinley, signed such entry on the order book, to become operative when Garrett Harlow should sign it. As said Harlow never signed it, the signature of Snyder never became operative; the proposition of McKinley was never accepted; execution was never stayed, and might, therefore, have issued at any time; McKinley knew, or ought to have known, the fact, and it was, therefore, his own negligence in delaying to issue it, on the failure of Harlow to sign the proposed entry. He voluntarily withheld execution on the judgment, without security being given, and he must suffer the consequences.

The court did not err in overruling the motion for a new trial.

See *The Vincennes National Bank* v. *Cockrum*, 64 Ind. 229.

The judgment is affirmed, with costs.