## THE BOARD OF TRUSTEES OF TOWN 24, R. 7 EAST

*v.*

### CARRIE BEALE *et al.*

*Filed at Springfield March 21, 1881.*

1. HOMESTEAD—*must be released in mortgage to school fund.* A mortgage given upon a party's homestead to secure money borrowed from the school fund, which fails to release or waive the homestead right, is not effective and obligatory as against such right, although in the form prescribed by the statute in force at the time of its execution, and no forced sale can be had under the same.

2. The Homestead law, by making certain exceptions to its operation and effect, clearly shows that it was intended to apply to all cases not included within those exceptions. The School law relating to real estate mortgages, and the Homestead law, were intended to apply to a distinct and independent subject matter.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

This was a bill filed in the McLean circuit court by Carrie Beale, widow of Abner Beale, and by Charles A. Beale and Lilly Beale, minor children of Abner Beale, by their next friend, to set aside a sale made under a decree obtained on the foreclosure of a school mortgage executed by Abner Beale and wife to the appellants, given to secure a loan of $400 of school funds, on the ground that there was not a proper release of the homestead in the mortgage.

Abner Beale died June 20, 1872, and at the May term, 1877, the school board filed their bill to foreclose the mortgage, and sold the premises on August 9, 1877, under a decree of the McLean circuit court. .                ‑

The appellants demurred to the bill to set aside the sale, on the ground of a want of equity.  The court overruled the demurrer, and appellants, abiding by their demurrer, bring the case here by appeal.

Mr. A. SAMPLE, for the appellants:

The mortgage was executed Oct. 14, 1871, in form exactly like that prescribed by the statute then in force.  It also contained the following clause:  "If said estate be sold to pay said debt, or any part thereof, I will deliver immediate possession of said premises."

The Homestead act was passed in 1851, and amended in 1857, so that the wife was also required to sign the waiver. The school mortgage law was amended at the same session, so that both acts were under consideration by the legislature at the same time.

It is evident that the legislature considered that the form of mortgage as amended in 1857 was sufficient to protect any loan of school money made, and that the provision that the possession should be surrendered on sale being made, etc., was a sufficient release of the homestead in such case, the

homestead right at that time being a *mere right of possession,* and not an estate. *Kitchell* v. *Burgwin,* 21 Ill. 35; *McDonald* v. *Crandall,* 43 id. 232; *Finley* v. *McConnell,* 63 id. 263.

Mr. H. G. REEVES, for the appellees:

There is not a word in the body of the mortgage about the homestead, while the statute then in force imperatively required a release of homestead, subscribed by the householder and his wife. This court has construed this statute in the following cases: *Kitchell* v. *Burgwin,* 21 Ill. 40; *Boyd* v. *Cudderback,* 31 id. 113; *Booker* v. *Anderson et ux.* 35 id. 66; *Vanzant* v. *Vanzant,* 23 id. 536; *Wing* v. *Cropper et al.* 35 id. 256; *Redfern* v. *Redfern,* 38 id. 509; *Miller* v. *Markle,* 27 id. 402; *Patterson* v. *King,* 29 id. 514; *Pardee* v. *Lindley,* 31 id. 174; *White* v. *Clark,* 36 id. 235; *Walter* v. *People,* 18 id. 194; *Green* v. *Marks et al.* 25 id. 222; *Deere* v. *Chapman,* 25 id. 610; *Best et al.* v. *Allen,* 30 id. 30; *Ives* v. *Mills,* 37 id. 73; *Conner* v. *Nichols,* 31 id. 148; *Thornton* v. *Boyden,* id. 200; *Marshall* v. *Baker,* 35 id. 106.

The school fund is entitled to no greater protection than the rights of a wife and her fatherless children. *Warner* v. *Crosby et al.* 89 Ill. 327, *Best* v. *Gholson,* id. 468; *Campbell* v. *Adair,* 45 Miss. 182; *Charless* v. *Lamberson,* 1 Iowa, 439.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

A single question claims our attention in the present case.

On the 14th day of October, 1871, Abner Beale executed a mortgage to the board of trustees of township 24, range 7, in Ford county, on certain real estate, to secure the payment of a sum of money which he had borrowed, belonging to the school fund. At the date of the execution of the mortgage, Beale was a householder, having a family and residing with the same upon the real estate described in the mortgage; and such real estate properly constituted his homestead.

There was no release or waiver of the homestead exemption in the mortgage; and the question is, did the mortgage, notwithstanding this omission, become effective and obligatory as against the claim of homestead?

The mortgage follows the form prescribed for such instruments by the statute in force when it was executed, and inasmuch as that statute had been revised since the enactment of the Homestead law, it is contended, both laws being before the legislature at the same time, we must assume it was intended such mortgages were excepted from the provisions of the Homestead act, and embraced the homestead when executed in the form prescribed. Why this should be presumed, we are not informed. Both acts being before the legislature at the same time, it would seem we should presume that the language of both was intended to express the law, unless there is an irreconcilable repugnancy between that employed in the two acts. We are not able to perceive such repugnancy.

The precise form of this mortgage is first found in the "act to establish and maintain common schools," in force April 13, 1849. (See Pub. Laws of 1849, p. 167.) Subsequently, in the several revisions, it was simply re-incorporated, without any change of phraseology, until in the revision of April 1, 1872. The first act in relation to the exemption of homesteads was not passed until the 11th of February, 1851,—almost two years after the adoption of this form of mortgage—and that act very significantly contained these, and no other, exceptions, namely: "sale for non-payment of taxes or assessments, or for a debt or liability incurred for the purchase or improvement of the homestead." The act professes to cover every other instance of forced sale, and necessarily that under mortgage given to secure payment of school money borrowed, as well as others.

Had the question been, whether the form given by the act of April 13, 1849, would have been sufficient, as regarded the right of homestead, in a mortgage executed after the adoption of the Homestead act of the 11th of February, 1851, and be-

fore the subsequent revision of the School law, can there be any doubt that, upon the most familiar principles of construction, it must have been held insufficient? We think not. In that event, even if there had been held to be repugnancy between the two acts, the last in point of time of enactment must have controlled. Did the legislature manifest an intention that a different rule of construction should obtain by simply neglecting, subsequently, to change the phraseology of the act of the 13th of April, 1849? We think not. The Homestead law, by making certain exceptions, clearly showed that it was to apply to all cases not included within those exceptions. In the revisions of the School law prior to that of April 1, 1872, there is no reference to the Homestead law, and we can not, therefore, assume that it was in the mind of the legislature to qualify or limit or amend it in any respect whatever, but we should rather assume that the legislature intended each law to apply to a distinct and independent subject matter—the School law to mortgages for borrowed school fund, in general—the Homestead law to cases affecting the homestead right,—and so, when the mortgage was to be on the homestead, a case arose not within the contemplation of the School law only, which made no provision in that regard, but which was in the contemplation of the Homestead act.

In *Hume et al.* v. *Gossett*, 43 Ill. 297, an analogous question was before the court. There, the law in regard to the town collector's bond provided that such bond should be a lien upon all the real estate of the collector, within the county, at the time of the filing of the bond, but it was held that the lien did not exist against the homestead right, and it was said: "In our view of this legislation" (*i. e.* homestead legislation), "the homestead right is protected against all liens and sales, and against all modes of conveyance, whether by deed absolute or by mortgage, unless it shall be released or disposed of in the mode prescribed in the act."

But appellants' counsel insists that unless it shall be construed that the present mortgage affects the homestead right, the clause providing that the mortgagor will surrender possession, is utterly meaningless. This, we think, is a misapprehension. That clause will be obligatory in all cases where there is no claim of homestead,—for it is obvious that possession and homestead are not synonymous,—and in all cases where the right to claim homestead is properly waived or released.

The mortgage here was clearly insufficient to affect the right of homestead.

Under the Homestead act of the 11th of February, 1851, as amended by the act of the 17th of February, 1857, it was held, in *Kitchell* v. *Burgwin et ux.* 21 Ill. 40, to waive or release the homestead right, a formal release or waiver of the statute must be executed; and that it must appear that the privileges and advantages of the act were in the contemplation of the parties executing the deed, and that they were expressly released or waived, in the mode pointed out in the statute.

And, in *Vanzant* v. *Vanzant*, 23 Ill. 541, it was said: "The insertion in the deed of conveyance of the special or general covenants usually inserted, without express reference in the deed to this act, can not operate as a release or waiver of it. There must be a writing expressly manifesting the intention to waive or release, and that writing must be signed by the party releasing." * * *

Numerous subsequent cases recognize the same doctrine.

The decree below was right, and it must be affirmed.

*Decree affirmed.*