The Vincennes National Bank *et al. v.* Cockrum *et al.*

- - - -

No. 9044.

THE VINCENNES NATIONAL BANK ET AL. *v.* COCKRUM ET AL.

REPLEVIN BAIL.—*Part of Judgment.—Execution.—Injunction.*—Under the provisions of section 421 of the civil code of 1852 (section 691, R. S. 1881), a recognizance of bail for the stay of execution on the one-half of a judgment was unauthorized and inoperative, and an execution issued on such recognizance was illegal and void, and the service thereof was properly enjoined.

From the Vanderburgh Superior Court.

*F. W. Viehe, R. G. Evans,* ——— *De Bruler* and *E. R. Hatfield,* for appellants.

*C. Denby, D. B. Kumler, C. A. Buskirk, W. M. Land* and *H. W. Yeager,* for appellees.

HOWK, J.—This suit was commenced in the Gibson Circuit Court by the appellees, William M. Cockrum, William L. Hargrove, James H. McConnell, Edward Rickard and John C. Blythe, as plaintiffs, against the appellants, the Vincennes National Bank and David Wilhite, and certain other defendants who have been named as appellees in this court. The complaint of the plaintiffs contained two paragraphs; and the object and purpose of their suit were to perpetually enjoin the appellant, the Vincennes National Bank, as the judgment plaintiff, and the appellant Wilhite, as the coroner of Gibson county, from collecting or attempting to collect certain judg-

ments of the Gibson Circuit Court, and certain executions issued thereon to said coroner, described in said complaint, from the plaintiffs in this action.

Jefferson Turpin and John Sloan, two of the defendants in the plaintiffs' complaint and named as appellees in this court, appeared by counsel and filed what is called their cross complaint, alleging therein substantially the same facts as were alleged in the plaintiffs' complaint, and praying for themselves substantially the same relief as against the appellants, as the plaintiffs had prayed for in their complaint.

The appellant, the Vincennes National Bank, separately demurred to the complaint and said cross complaint; and before these demurrers were passed upon, on its application and by the agreement of the parties, the venue of the action was changed to the Vanderburgh Superior Court.    The complaint and cross complaint having been duly verified, and the proper undertakings having been given and approved, a temporary restraining order was granted, as prayed for, until the final hearing of the cause.

In the court below, the demurrers of the Vincennes National Bank to the complaint and the cross complaint were severally overruled, and its exceptions were duly saved to each of these decisions.    The appellants, the Vincennes National Bank and said David Wilhite, jointly answered the complaint and the cross complaint, by general denials of their respective allegations.    The issues joined were tried by a jury, and a verdict was returned, finding for the plaintiffs below on their complaint and for the appellees Turpin and Sloan, defendants below, on their cross complaint.    The appellants' motion for a new trial having been overruled, and their several exceptions saved to this ruling, the court rendered judgments for perpetual injunctions, in accordance with the prayers of the complaint and the cross complaint.

In this court, errors have been assigned by the appellants, which call in question the sufficiency of the facts stated in the complaint and in the cross complaint to constitute causes of

action, and the correctness of the rulings of the superior court thereon, and of its decision in overruling their motion for a new trial of this cause.

The only material difference between the complaint and the cross complaint is the difference in the names of the parties, plaintiffs and defendants. The subject-matter of the cross complaint and its allegations of fact and prayer for relief are substantially the same as those of the complaint. Therefore, we need only consider the sufficiency of the facts stated in the complaint to constitute a cause of action ; for, if the complaint is sufficient, so also is the cross complaint, or, if the complaint is bad, the cross complaint is also insufficient. The two paragraphs of the complaint, and the two paragraphs of the cross complaint, differ from each other only in this, that the judgment described in one paragraph of the complaint or cross complaint is not the judgment described in the other paragraph of the complaint or cross complaint. So that we need only consider the sufficiency of one paragraph of the complaint; as our decision in regard to one will determine the question as to the sufficiency of the other paragraph, and as to each paragraph of the cross complaint.

In the first paragraph of their complaint, the plaintiffs below alleged in substance, that, by the consideration of the Gibson Circuit Court, the appellant, the Vincennes National Bank, on the 2d day of February, 1875, recovered judgment against Jacob W. Hargrove, Caleb Trippet, Richard M. J. Miller and Samuel Sterne, for the sum of $5,628 ; that, by the terms of said judgment, the said Miller and Sterne were adjudged to be the sureties ·of the said Hargrove and Trippet, and it was ordered that the property of said Hargrove and Trippet should be exhausted before the property of said Miller and Sterne should be levied on, to satisfy said judgment or any part thereof; that afterward, on the 18th day of March, 1875, an execution was issued on said judgment against all of said judgment defendants to the sheriff of Gibson county; that while said execution was in the hands of said sheriff, and

before the expiration of the time allowed by law for the stay of execution on said judgment, the said Jacob W. Hargrove and Caleb Trippet, and the said Vincennes National Bank, made and entered into an agreement whereby it was stipulated and agreed that, if the said Hargrove would in a short time pay to said bank whatever sum of money he could raise, being as much at least as the interest on said judgment, equivalent to the interest usually paid to banks, and being about eleven per cent. per annum, and also the interest on other judgments held against him by said bank, and if the said Hargrove and Trippet would each procure good and solvent sureties to enter themselves as replevin bail upon the said judgment, and on other judgments held by said bank against said Hargrove and Trippet, the said Hargrove procuring such bail for the one-half of the judgment and the said Trippet procuring such bail for the other half of said judgment, then the said bank would forbear to issue execution on the said judgment for the period of one year from the date of entering such replevin bail on said judgment; that, after the making of said agreement, the said Jacob W. Hargrove procured the plaintiffs in this suit to sign an instrument, which was partly printed and partly written on the back of said execution, which was then in said sheriff's hands, which said instrument is in the words and figures following, to wit:

"We acknowledge ourselves replevin bail for the payment of Jacob W. Hargrove's one-half of the judgment, upon which the within execution has issued, together with the interest and costs accrued and to accrue, at or before the expiration of the time allowed by law for the stay of execution on such judgment." (Signed) "WILLIAM L. HARGROVE,
"July 31st, 1875. "WILLIAM M. COCKRUM,
"JOHN H. McCONNELL,
"EDWARD RICKARD,
"J. C. BLYTHE.

"Taken and approved by me July 31st, 1875.
(Signed) "F. W. HAUSS, Sheriff G. Co."

And the plaintiffs alleged, that at the same time and in like manner, the said Caleb Trippet procured the defendants Jefferson Turpin and John Sloan to execute and sign a written instrument, endorsed on said execution, whereby the said Turpin and Sloan acknowledged themselves replevin bail for said Caleb Trippet, for the payment of the undivided one-half of the judgment upon which the execution was issued, with interest and costs accrued and to accrue thereon, at or before the expiration of the time allowed by law for the stay of execution thereon.

And the plaintiffs said that afterwards, on the 18th day of February, 1879, the said bank procured another execution to be issued on said judgment against the said Jacob W. Hargrove, Caleb Trippet, Richard M. J. Miller and Samuel Sterne, as principals, and the plaintiffs below in this suit, and said Turpin and Sloan as replevin bail, which execution was delivered to the appellant Wilhite, as the coroner of said county, who had demanded payment thereof from the plaintiffs below, and threatened to levy the same of their property; and that the said written instrument, so signed by the plaintiffs, was of no legal validity whatever, and would not support an execution against them.

Many other facts were alleged in the complaint, for the purpose of showing that even if the said written instrument, so signed by the plaintiffs, ever had any validity as an acknowledgment of replevin bail, the said bank had waived, forfeited and released, by its conduct and agreement, all right to enforce such instrument against them, or either of them. These other facts are unimportant, however, in the view we shall take of this case, and, therefore, we need not set out their substance even, in this opinion.

The question presented for decision by the alleged errors of the court, in overruling the demurrers of the Vincennes National Bank to each paragraph of the complaint and of the cross complaint, may be thus stated: Are the written instruments, copies of which are set out in said several paragraphs,

valid, legal and binding recognizances of replevin bail? This must be regarded as the controlling question in this case, for it is very clear that, if these written instruments were unauthorized by law, they were of no binding force as recognizances of replevin bail, and no valid execution could be issued thereon against the persons, or any of them, who signed their names to such instruments. The question stated can not now be regarded as an open one in this court, for these written instruments have been the subject of very full and careful consideration, in several recent cases decided at this term. In *Sterne* v. *McKinney*, 79 Ind. 578, the question for decision was in regard to the validity or invalidity of the same written instruments now under consideration, as recognizances of replevin bail. In the opinion of the court in that case, prepared by Commissioner MORRIS, after quoting the statutory provisions of this State, authorizing a stay of execution on judgments for the recovery of money, by the procurement of sufficient freeholders to enter into a recognizance of bail, it is said: "In the absence of the above provisions of the statute, a judgment could not be stayed by putting in bail. The judgment debtor who seeks the benefit of the statute must comply, substantially, with its provisions. He can not, by procuring bail for a part of a judgment against him, obtain a stay of execution. The undertaking of the recognizance must, by the express terms of the statute, be for the payment of the whole judgment. He can not obtain a stay upon one-half of the judgment by putting in bail for its payment, nor can he stay the whole judgment 'by halves.' * * If the recognizances in this case are valid, each must be considered good without reference to the other. They are in no way connected; each is distinct from, and independent of, the other, and the validity of neither depends upon the existence or validity of the other. That executed by Cockrum and others, if valid as a statutory recognizance of bail, had the effect, at the time of its approval, to stay execution on one-half of said judgment. But, as the statute does not authorize a stay of exe-

cution on a part of a judgment, these recognizances must, as statutory recognizances, be held invalid."

We are of the opinion that the case cited is decisive of the questions now under 'consideration in the case at bar. For it must be that, when the complaint and cross complaint show by their respective allegations, that the appellant, the bank, had caused executions to be issued on these invalid and void recognizances of bail, and to be placed in the hands of the appellant Wilhite, who was threatening to levy the same of the property of the plaintiffs and cross complainants respectively, these several paragraphs of complaint and cross complaint each state facts sufficient to constitute a cause of action, and to entitle the complaining parties to the equitable relief demanded therein. The court did not err, therefore, in overruling the demurrers to each of the paragraphs of the complaint and cross complaint.

Our conclusion on these points renders it wholly unnecessary for us to consider or decide any of the questions arising under the alleged error of the trial court, in overruling the appellants' motion for a new trial. For it can not be said, that any one of these questions has any possible connection with, or reference to, what we regard as the gist of the several causes of action, stated in the different paragraphs of the complaint and cross complaint, namely, the illegality and invalidity of the written instruments purporting to be recognizances of bail, by virtue of which alone the executions sought to be enjoined were issued against the complaining parties. On the contrary, the record clearly shows that all these questions are connected with and relate to those facts, alleged in the several paragraphs as grounds for relief, in the event the said written instruments should be held to be legal, valid and binding recognizances of bail. . It follows, therefore, that even if the court erred in any of its rulings on or after the trial of the cause, these errors must be held to be harmless, as they do not affect, in any manner, the main question in the case. There is no pretence or claim, on the part

of the appellants, that the executions sought to be enjoined were issued against the complaining parties, upon any other authority, warrant or foundation, than the said illegal and invalid recognizances of bail. We need not cite authorities to show that a judgment will not be reversed, when it appears, as it does in this case, that a right conclusion has been reached.

The judgment is affirmed, at the appellants' costs.

NIBLACK, J., was absent when this cause was considered, and took no part in its decision.