Maloney v. Newton *et al.*

No. 10,166.

## MALONEY v. NEWTON ET AL.

85  565
153  226

85  565
158  618

85  565
160  354

REPLEVIN BAIL.—*Contract.*—An undertaking of replevin bail is a contract.

SAME.—*Exemption.—Waiver.*—Where the right to the benefit of an exemption law exists by statute, it can not be waived by contract prior to the issuing of the execution.

SAME.—*Judgment in Bastardy Prosecution.*—A resident householder, who becomes replevin bail on a judgment obtained against a defendant in a prosecution for bastardy, is entitled to the benefit of the exemption law.

From the Hendricks Circuit Court.

*L. M. Campbell,* for appellant.

*T. S. Adams,* for appellees.

ELLIOTT, J.—The single question presented by this record is this: Is a resident householder, who enters himself as replevin bail on a judgment obtained against a defendant in a prosecution for bastardy, entitled to the benefit of the exemption law?

The contention of the appellees is, that the bail is bound to the same extent as the principal, and that where the principal is not entitled to the benefit of the law, the bail can not be. It is true that a replevin bail undertakes to pay the judgment according to its legal tenor and effect; thus, if the judgment replevied is payable without relief, then the bail so undertakes to pay it, and it may be collected from him without relief from valuation or appraisement laws. *Hutchins* v. *Hanna,* 8 Ind. 533; *Hardenbrook* v. *Sherwood,* 72 Ind. 403.

There is a plain and important difference between a case where one man undertakes to pay a judgment which, on its face, provides how it shall be collected, and supplies a standard for the measurement of the bail's liability, and one containing no such provision. In the one case we need look only to the face of the judgment; in the other we must look elsewhere to ascertain the character of the burden assumed by the bail.

There is, however, a more important difference between the present case and the class of cases of which those cited are

types. The right to exemption is one which the debtor can not waive by contract. *Kneettle* v. *Newcomb*, 22 N. Y. 249; *Curtis* v. *O'Brien*, 20 Iowa, 376; *Moxley* v. *Ragan*, 10 Bush, 156 (19 Am. R. 61); *Denny* v. *White*, 2 Cold. 283. In *Maxwell* v. *Reed*, 7 Wis. 582, this rule is applied to a warrant to confess judgment, and it is held that a provision in the warrant waiving the benefit of the exemption can not be enforced. The principles upon which these cases proceed are, in effect, the same as those which underlie and support our own cases of *McLane* v. *Elmer*, 4 Ind. 239, and *Develin* v. *Wood*, 2 Ind. 102, wherein it is held that a debtor can not waive stay of execution. We are, it may be well to say in order to avoid possible misconception, not to be understood as intimating that a debtor may not, after execution, waive his right to the exemption; what we hold is, that where the right of exemption exists it can not be waived by contract prior to the issuing of the execution. As a debtor can not waive his exemption by contract, it follows that if the undertaking as replevin bail is to be regarded as a contract, no waiver arises from the undertaking itself. Unless the law annexes to such an undertaking the effect of a waiver of the right, there is no waiver. If a waiver exists at all it must arise by operation of law.

If we should hold with the appellee, that the bail is bound just as the principal is, then we should be forced to hold that where imprisonment is the penalty for the failure to pay the judgment, the bail may be imprisoned, and this conclusion is so palpably erroneous as not to deserve a moment's serious thought.

It can not, therefore, be justly claimed that the undertaking in itself and by force of its terms waived the benefit of the exemption law; nor can it be justly claimed that the bail is not entitled to it upon the ground that replevin bails are bound to the same extent and in the same manner as their principals.

The question comes to this: Does the law deprive one who becomes replevin bail for a defendant in a prosecution for bastardy of his exemption?

It can not be said that one who undertakes as replevin bail for another is guilty of any wrong, no matter what may be the character of the judgment against the principal. If this be true, and we are unable to perceive any ground upon which the proposition can be impeached, it must also be true that the replevin bail can not be denied the benefit of the statute upon the ground that he has been guilty of a wrong. If, then, the bail perpetrates no wrong, he is not within the letter of the statute excluding from the benefit of its provisions one who commits a tort. What, then, is there to exclude him from asking that he be allowed that which the statute awards?

If the question were one to be controlled solely by considerations of public policy, we could not say that public policy requires that the debtor and his family should be stripped of all means of living. But the laws indicate what the sovereign power esteems true policy. It is manifest that the Constitution, and the statute enacted in aid of its provisions, mean that the householder, who is himself free from wrong, shall not lose his statutory right, and thus deprive his family of the necessaries of life. It has been repeated, time and again, by the courts all over the land, that the statute is a just and humane one, intended for the benefit of a debtor's family, and always to be liberally construed. A liberal construction would certainly not exclude a replevin bail, who is himself without fault, from its provisions. A literal adherence to its language would exclude only those who have themselves done a wrong, and we need not, therefore, resort to a liberal construction to save the rights of one who is without fault. All we need do is keep straight to the words of the statute. Public policy can not overwhelm a constitutional statute, however much it may affect its construction; but, taking the language of the Constitution and of the statute as the expression of the will of the people and their representatives—and we can surely look to no higher sources for just ideas of public policy than these—enlightened public policy requires the just protection of the debtor and those dependent upon him.

Counsel have referred us to the case of *Whiteacre* v. *Rector*, 29 Grat. 714 (26 Am. R. 420), wherein it is held that the exemption laws do not apply to replevin bail in criminal prosecutions, because the State is not bound by the statute, and we have found some other cases declaring the same doctrine. *Brooks* v. *State*, 54 Ga. 36 ; *Commonwealth* v. *Dougherty*, 8 Phila. 366 ; *Commonwealth* v. *Cook*, 8 Bush, 220 (8 Am. R. 456). On the other hand, we find cases declaring a different rule. *Green* v. *Marks*, 25 Ill. 204 ; *Hume* v. *Gossett*, 43 Ill. 297 ; *State* v. *Pitts*, 51 Mo. 133. We do not, however, think the question here is the same as that involved in criminal prosecutions, for there is a well defined distinction between the two classes of cases. It may well be granted that exemption can not be claimed in cases where a fine is imposed as a punishment for the violation of law, and the question before us be in no wise affected. This we say because the criminal law and the civil law are, under our system, carefully kept separate and distinct.

There are well considered cases holding that the State is bound by the statute of exemption, although not expressly named. This is decided in some of the cases already cited, and in those to be presently noticed. We have accepted the English rule that the sovereign is not bound unless expressly named, but have taken it with its exceptions, and among these exceptions, as stated in the old books, are " Statutes made for the maintenance of religion, the advancement of learning, and the good of the poor." The case of *Gladney* v. *Deams*, 11 Ga. 79, carries the doctrine of exemption to a very great length, holding that the right exists as against the State in cases of warrants for the collection of taxes. In the cases of *State* v. *Geddis*, 44 Iowa, 537, *Hume* v. *Gossett*, 43 Ill. 297, *Green* v. *Marks*, 25 Ill. 204, and *Loomis* v. *Gerson*, 62 Ill. 11, it is held that it applies in cases of judgments in favor of the State. In *State* v. *Pitts, supra,* it was held that the right existed in favor of a surety in a recognizance executed in a criminal prosecution. In a very recent case the question received careful in-

vestigation from the Supreme Court of the United States, and it was held that statutes exempting homesteads applied to claims held by the United States. *Fink* v. *O'Neil*, 106 U. S. 272. These authorities settle the question that the statute binds the State as well as the citizen.

Prosecutions for bastardy are not criminal prosecutions, but are civil proceedings. *State, ex rel.,* v. *Brown,* 44 Ind. 329; *State, ex rel.,* v. *Evans,* 19 Ind. 92. The undertaking of the appellant is, therefore, in a civil proceeding, and not in a criminal prosecution.

It becomes necessary to examine a little more closely the character of the appellant's undertaking; for by that his liability must be measured. It will not do, as we have shown, to affirm that his liability is in all respects the same as that of the principal. Nor do we think the cases go to any such extent. In *Elson* v. *O'Dowd,* 40 Ind. 300, it is said: "In the first place, we do not think that the fact that the undertaking of a replevin bail has the effect of a judgment confessed makes the liability of the replevin bail the same as that of the judgment defendant." We can not, therefore, define the nature of the appellant's undertaking by saying that it is the same as his principal's; for this would be to give as a definition that which is not true.

It is said in some of the cases that the undertaking is a judgment confessed; and in *Vincennes Nat'l Bank* v. *Cockrum,* 64 Ind. 229, this doctrine was pushed to a great length—much beyond what the law warranted, and, in consequence, the case has been overruled. *Sterne* v. *McKinney,* 79 Ind. 578; *Vincennes Nat'l Bank* v. *Cockrum,* 80 Ind. 355. That the undertaking is not, in the strict sense of the term, a judgment confessed, is demonstrated in the case of *Eberwine* v. *State, ex rel.,* 79 Ind. 266. That it has the effect of a judgment confessed, for many purposes, is, no doubt, true; but that it is the sentence or judgment of a court is not true. The truth is that the entry of replevin bail is a statutory undertaking, voluntarily entered into by the bail.

By undertaking as replevin bail, the bail becomes a surety. If the undertaking is not valid as a recognizance of replevin bail, because of some defect in its execution, it may be enforceable as a contract. *Sanford* v. *Freeman*, 5 Ind. 129. The bail is entitled to subrogation, and all similar rights of a surety. *Vert* v. *Voss*, 74 Ind. 565. The undertaking is founded on a consideration. *Catherwood* v. *Watson*, 65 Ind. 576. Release of a lien will release him as it will any other surety. *Sterne* v. *Bank, etc.*, 79 Ind. 549.

It is very plain from this enumeration of the elements of the undertaking of replevin bail that it is a contract. It would be preposterous to claim that one wrong-doer could become surety if the original wrong entered into his undertaking, and not much less so to insist that suretyship exists otherwise than by contract. The undertaking possesses all the essential requisites of a contract. It is what the elementary writers denominate a contract of record. 1 Chit. Con. 3. The appellee concedes that it does possess all the elements of a contract, except that of parties, and that this element is absent because the judgment creditor does not assent to the undertaking. The answer to this is that the clerk is made, in a qualified sense, the agent of the judgment creditor, to receive the bail. The case is closely analogous to the case of redemption of property from sale, of the payment of judgments, of the payment of money into a court on a tender, and in such cases, and many more of like character, the clerk is regarded as the agent, in a limited sense, it may be, of the parties.

The conclusion to which the sternest rules of logic carry us is that the liability of the appellant arises out of contract, and that he is entitled to his exemption. The result is not an evil one, for it does but bring the case within a statute which the National and State courts have, with a harmony closely approaching unanimity, proclaimed one of the wisest and most beneficent measures of modern legislation. In closing the opinion in *Fink* v. *O'Neil, supra*, MATTHEWS, J., after speaking of the statute and its operation, and explaining why it

binds the sovereign, says that such statutes "'shall be extended generally according to their words;' for civilization has no promise that is not nourished in the bosom of the secure and well-ordered household."

Judgment reversed.