THE PEOPLE *ex rel.* HARTWELL FREEMAN *et al.*

*v.*

JAMES S. BARR, Clerk of Franklin County Circuit Court.

1. STATUTES — *concerning acts of 1859, 1865 and 1867, relative to the twenty-sixth judicial circuit — Franklin county not deprived of the judicial system.* The act of 1859, arranging Franklin county into the twenty-sixth judicial circuit, and that of 1865, fixing the terms of court therein, are not expressly repealed by the act of 1867. This last named act is to be construed as merely adding other counties to the twenty-sixth circuit, and not as depriving Franklin county of the benefits of the judicial system.

2. SAME — *repeal by implication — not favored.* If the acts of 1859 and 1865 are repealed by that of 1867, it is only so by implication, and such a repeal is not favored in the law. If statutes are seemingly repugnant, they should, if possible, be so construed that the latest one shall not operate as a repeal, by implication, of the former ones.

THIS was an application made to this court for a peremptory writ of mandamus, to be directed to the clerk of the Circuit Court of Franklin county to compel him to issue a summons, as set forth in the petition of the relators, and which he had refused to do. The facts in this case are fully stated in the opinion.

Mr. GEORGE W. WALL, for the relators.

Messrs. YOUNGBLOOD & BARR, for the respondent.

Mr. JUSTICE BREESE delivered the opinion of the Court:

By the act of 1845, the county of Franklin, with other counties therein named, composed the third judicial circuit, and the terms therein fixed for the second Mondays of March and August.

In 1849, the time of holding courts in that circuit was changed. The law of that year provided, that court should be held in Hamilton county on the fourth Mondays of March and August, and in the county of Franklin on the Mondays following.

In 1859, the legislature formed a new circuit called the twenty-sixth circuit, of which Franklin county was declared to be a part.

In 1865, an act was passed to change the time of holding court in the twenty-sixth circuit. The counties composing the circuit, at this date, were Franklin, Williamson, Johnson and Saline, and the time fixed for holding the courts therein were, in Franklin, on the second Monday of March and first Monday of August; in Williamson, on the fourth Monday of March and third Monday of August; for Johnson, on the second Monday thereafter, and in Saline on the first Monday thereafter.

In 1867, an act was passed to define the twenty-sixth judicial district of this State, and to fix the times of holding court therein, by which it is declared, that the counties of Johnson, Williamson, Saline, Gallatin and Hardin shall compose the twenty-sixth judicial circuit. The terms were fixed as follows: In Johnson, on the first Mondays of March and September; in Williamson, on the third Mondays of March and September; in Saline, on the second Mondays following; in Gallatin, on the second Mondays following, and in Hardin on the second Mondays following. Sess. Laws 1867, p. 62.

This act repeals no former act, nor does the arrangement of

the terms by it, conflict at all with the terms required to be held in Franklin county by the act of 1865.

James S. Barr, then being the clerk of the Circuit Court of Franklin county, was applied to as such clerk on the 6th day of April, 1867, by the relators for a summons in partition, to be returnable to the August Term of that court. This writ the clerk refused to issue, alleging as a reason for such refusal, that there was no August Term of said court; that by reason of the act of 1867, Franklin county was not within any circuit, and therefore there could be no August Term.

On this refusal an application is made to this court, for a peremptory mandamus, the clerk waiving an alternative writ. The facts are agreed upon, and are as above stated.

This court was once called upon to decide, if there was rightfully a coroner in this State, the present Constitution of 1847 omitting to create such an office. It was not denied, that the legislature might create such an office though the Constitution did not provide for it, but as the legislature had not so done in express terms, it was insisted, there had been no such officer since the adoption of this Constitution. This court held, as there was a recognition of such an officer in one or more acts of the legislature, it was equivalent to a legislative declaration, that such an office was in existence. *Wood* v. *Blanchard*, 19 Ill. 38. And in the case of *The People* v. *Thurber*, 13 id. 554, as to what officer was the successor of the clerk of the County Commissioners' Court under the old Constitution, which was abolished by the new, this court did not hesitate to hold, in view of the important duties that officer was required to perform, and which the continuance of the government required should be performed by some one, that the clerk of the new County Court did in all things succeed to the duties of clerk of the County Commissioners' Court.

Section 8 of article 5 of the Constitution declares, there shall be two or more terms of the Circuit Court held annually, in each county of this State, at such times as shall be provided by law; and said courts shall have jurisdiction in all cases at law and equity, and in all cases of appeals from inferior courts.

This provision of the Constitution is one of the very highest importance to the people, but it does not execute itself, and must be carried out by legislative action. This the legislature has done by the several acts passed, fixing the time of holding Circuit Courts in the several counties, and arranging them into circuits. Now the act of 1859, arranging Franklin county into the twenty-sixth judicial circuit, has never been repealed in express terms, nor has that county been formed into a circuit, or declared to be a circuit by itself. Nor has the act of 1865, fixing the time of holding court therein been repealed, and we see the times so fixed do not interfere in any manner with the times fixed for holding the courts in the other counties, as declared by the act of 1867. Courts can be held in all of them by the same judge, without any clashing.

This requirement of the Constitution, it cannot be presumed the legislature intended to disregard, by any legislation on this subject which has been brought to our notice. If the act of 1867 is to be so regarded, it would be void, for the behests of the Constitution are above all law.

It is then only by implication, under the language of the act of 1867 that the act of 1859, arranging Franklin county into the twenty-sixth circuit, and that of 1865, fixing the terms of the court therein, are repealed. Such a repeal is not favored in the law, and there is no essential repugnancy in these several acts; they can all stand consistently together, and the legislature be relieved of any suspicion of a design to disobey a vital command of the Constitution. If statutes are seemingly repugnant, it is the duty of courts so to construe them that the latter shall not repeal the former by implication.

We, therefore, hold — as Franklin county was made part of the twenty-sixth judicial circuit by the act of 1859, and as no other act has been subsequently passed, arranging that county to any other circuit, or making of itself singly and alone a circuit, and no express repeal of that act, and no repeal of the act of 1865 fixing the time of holding court in that county, and as the terms as there fixed do not interfere with the terms fixed by the act of 1867 — that this last named act is to be con-

strued as adding the counties of Gallatin and Hardin to the twenty-sixth circuit, and not as designed to deprive Franklin county of the benefits of the judicial system conferred by the Constitution and made operative and effectual by the act of 1859.

This avoids a seeming disregard of the Constitution, and carries out the will of the legislature, as expressed in the previous acts we have cited; and we are gratified that we are enabled to come to this conclusion, for to hold that one of the oldest counties in the State was without the judicial pale would involve its people, and others having commercial or other intercourse with it, in annoyances and troubles and calamities appalling to consider. No crime committed there could be punished, no debt over one hundred dollars could be collected, and its whole community, the good and the bad, would be deprived of that justice in the due administration of which much of its happiness and success depend.

A peremptory mandamus must be awarded.

*Mandamus awarded.*