WABASH, ST. LOUIS & PACIFIC RY. CO.

v.

MARION GOODWINE.

PRACTICE.—A case under an agreed statement of facts under § 75 of chapter 110 of R. S., where the clerk certified only the certificate of counsel and "the final decision of the case." *Held*, that the transcript is fatally defective, in that it does not contain any certificate of the decision of the court below upon the questions of law stated in the stipulation.

APPEAL from the Circuit Court of Vermilion county; the Hon. J. W. WILKIN, Judge, presiding.   Opinion filed December 4, 1885.

Messrs. MANN, CALHOUN & FRAZIER, for appellant.

Mr. D. D. EVANS, for appellee.

PLEASANTS, J.   The first sentence in appellant's brief is in these words:   " This case comes up upon an agreed state of facts under § 74 of chapter 110 of the Revised Statutes."

The transcript contains only (1) the *placita* of October term, 1882 ; (2) the finding of the court upon the issues for the plaintiff, appellee ; assessment of his damages at $285.90, final judgment thereon, and allowance of appeal, all of October 31st, in the same term ; (3) appeal bond filed November 28th, 1882 ; (4) stipulation by the attorneys, filed the same day ; (5) statement of the adjournment of the court *sine die*, on December 21, and (6) certificate of the clerk that " the

foregoing is a true, perfect and complete copy of the judg⁻ ment of the court, the agreement of parties and appeal bond in the case."

The stipulation sets forth that plaintiff filed his declaration in due form, counting upon a failure of defendant to fence its road as required by chapter 114 of the R. S., and defendant filed the plea of the general issue thereto; and what purports to be the substance or result of the evidence on both sides; agrees that the court rendered judgment for the plaintiff for the amount above stated and costs, "being twice the cost of said fence as proven," that the defendant excepted, prayed an appeal and filed a proper bond in due time, and concludes as follows :

"It is further agreed that the only question of difference be‐ tween the plaintiff and defendant are questions of law, which questions are as follows, viz.: 1. Is plaintiff entitled to re‐ cover, having built the fence off of the line between him and the defendant's right of way as above set forth. 2. Is it lawful to award as damages double the amount of the cost of the fence."

At the November term, 1884, this court affirmed the judg‐ ment for the reason stated in an opinion filed, that an agree‐ ment as to the facts made up and filed by the attorneys after the trial, did not make an agreed case as contemplated by said § 74, of the Practice Act, and there being no bill of ex‐ ceptions the court could not consider the questions of fact presented by the assignment of error.

A petition for rehearing was thereupon presented by appel‐ lant on the ground that the court had misapprehended the character of the stipulation and also the section of the Practice Act under which the case was brought here, it being not § 74 but § 75, which provides that "any judge of the circuit court may, if the parties litigant assent thereto, certify any question or questions of law arising in any case tried and finally deter‐ mined before him, to the appellant or Supreme Court, togeth‐ er with his decision thereon, or the parties in the case may agree as to the questions or points of law arising in the case, and the same may be certified by the counsel or attorneys of

W., St. L. & P. Ry. Co. v. Goodwine.

the respective parties, who shall sign their names thereto, and upon such certificate being made, the same shall be filed in the court rendering the decision, and a copy of such certificate certified by the clerk of said court, with the decision thereon and final decision in the case, to the appellate or Supreme Court, and filed therein, and upon filing the same the like proceedings may be had in the appellate court or Supreme Court, as if a full and complete record had been transcribed and certified to said court." The petition was granted but no judgment upon rehearing appears to have been entered.

Having now considered the case in the light of this petition we are of opinion that the transcript is fatally defective under the 75th section also, in that it contains no certificate of the decision of the court below upon the questions of law stated in the stipulation.

The clerk has certified only the certificate of counsel and "the final decision in the case." In plain terms the statute prescribes (1) a certificate by the counsel or attorneys of the "questions or points of law arising," a copy of which must be certified by the clerk, who must also certify (2) "the decision thereon," and (3) "the final decision." We are not authorized under this section to accept the agreement or certificate of counsel as to the facts, and without them we can not know from this record what the decision was upon the points of law stated.

We can not assume that the damages assessed were twice the cost of the fence, or that it was built off of the line between plaintiff's land and the defendant's right of way. For aught that legally appears the evidence may have been conflicting and the court may have held with appellant on both the questions of law set forth in the stipulation, but found against it on the evidence. The judgment will therefore be affirmed.

Judgment affirmed.