Kern v. The People.

---

Charles Kern, Treasurer,

v.

The People of the State of Illinois, ex rel.

*Statutes—Construction of—Repeal by Implication—Payment of Coroners' Jurors.*

1.  Repeals of statutes by implication are not favored, and the repugnance between statutes must be clear, or such repeal will not take place.

2.  The so-called " Budget law " of 1887 was not repealed, as to its application to the payments of coroners' jurors, by the act of 1891 amending Sec. 45 of the act entitled " An Act to Provide for and Regulate Fees and Salaries," approved March 28, 1874.

[Opinion filed March 19, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. George Driggs, Judge, presiding.

Mr. Francis W. Walker, for appellant.

Messrs. Knight & Brown, for appellees.

Waterman, P. J.   The question presented by the record in this case is whether, under the provisions of the following statute, enacted in 1891—

"Section 1.  Be it enacted by the people of the State of Illinois, represented in the General Assembly, that section forty-five (45) of an act entitled, 'An Act to Provide for and Regulate Fees and Salaries,' approved March 28, 1874, in force July 1, 1874, be amended so as to read as follows:

Sec. 45.   The fee of each juror attending an inquest held over a dead body shall be one dollar per day, payable out of the county treasury, upon the certificate of the coroner or acting coroner of the county wherein the inquest was held "— it is the duty of the county treasurer to pay jurors sitting on inquests upon the certificate of the coroner, or whether he may refuse to pay such jurors until they present a warrant signed by the president of the county board.

The statute of 1874—Sec. 44 of Chapter 53, "Fees of Jurors"—provided that the clerk of the court should furnish to each juror, when discharged from service, a certificate of the number of days attendance at the term, etc., and that upon presentation of such certificate to the county treasurer "he shall pay to such juror the sum as above provided, for his service."

Sec. 45 was:   "The fee of each juror attending an inquest held over a dead body shall be one dollar per day, payable out of the county treasury."

In 1887 the legislature enacted what is known as the "budget law," for the administration of the finances of Cook county; that law, after making the county clerk of Cook county *ex officio* comptroller of the "county financial

Kern v. The People.

affairs," continuing declares "he shall sign all warrants drawn upon the treasurer, which shall be countersigned by the president of the board, and the same shall state therein the particular fund or appropriation to which the same is chargeable.

"No money shall be paid out of the county treasury except upon such warrants so drawn; nor shall any warrant be issued except against an appropriation theretofore made by the county board in accordance with section 61 of this act."

We do not think that it was the intention of the legislature by the act of 1891, amendatory of Sec. 45 of the Fees and Salaries Act, to repeal any portion of the "budget act," or to make the fees of jurors serving on coroners' inquests, an exception to all the other expenses and disbursements of the county. The statute of 1874 failed to declare how jurors serving upon inquests should obtain their certificates showing the amount to which they are entitled; the act of 1891 has supplied this omission, in perfect consistence with the act of 1891. The juror may now apply to the county comptroller, and is upon presentation of the certificate given him by the coroner, entitled to a warrant upon the treasurer, provided an appropriation for such purpose has theretofore been made by the county board. Repeals by implication are not favored; and the repugnance between statutes must be clear and plain or such repeal will not take place. City of East St. Louis v. Maxwell, 99 Ill. 439–443; Bruce v. Schuyler, 4 Gil. 221; Board of Supervisors v. Campbell, 42 Ill. 490; Hume v. Garnett, 43 Ill. 297; City of Chicago v. Quinby, 38 Ill. 274; People v. Barr, 44 Ill. 198; Britz v. Kerr, 123 Ill. 656–662; Gilbert v. The County of Cook, Oct. term 1891, Ill. App.

There is no such necessary inconsistency between the "budget law" of 1887 and the act of 1891, as that the latter must be held to have repealed any portion of the former. They can be reconciled upon a reasonable hypothesis and must therefore each stand as enacted.

The order of the Circuit Court awarding a peremptory writ of mandamus is reversed.        *Order reversed.*