Trausch v. County of Cook.

HENRY TRAUSCH

v.

COUNTY OF COOK.

46  333
147s 534

*Dram   Shops—Salesman—Northwestern   University—Practice   Act, Sec. 75.*

This court affirms a judgment against the defendant in an action brought for violations of an amendment to an act providing for the incorporation of the Northwestern University, the same referring to the sale of liquor in proximity thereto, and holds there is nothing in the contention as to the alleged repeal of said section by implication, by subsequent legislation, or that it is void as special legislation.

[Opinion filed November 11, 1892.]

APPEAL from the Criminal Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Messrs. HIRAM BARBER and HEAP & WHITFIELD, for appellant.

Messrs. HARVEY B. HURD and BEACH & BEACH, for appellee.

MR. JUSTICE GARY. This is an attempt to present to this court for decision an agreed case, under Sec. 75 of the Practice Act, but the record contains no certificate of any question of law decided by the Criminal Court. In effect it is like the similar attempt in Wabash, St. L. & P. Ry. v. Goodwine, 18 Ill. App. 65. But the principal question discussed appears upon the record, without looking at the agreed case.

By Sec. 2 of an act of February 14, 1855, entitled "An act to amend an act entitled 'An act to incorporate the Northwestern University,'" approved January 28, 1851, it was provided, "No spirituous, vinous or fermented liquor shall be sold under license or otherwise within four miles of the location of said university, except for medical, mechanical or sacramental purpose, under the penalty of $25 for each offense, to be recovered before any justice of the peace of said county in an action of debt in the name of the county of Cook. Provided, that so much of this act as relates to the sale of intoxicating drink within four miles may be repealed by the General Assembly whenever they think proper."

The action was begun before a justice of the peace and his transcript shows that it was "for eight violations of an amendment to the act to incorporate the Northwestern University."

The only authority for an action in the name of the county for such violations is the section quoted. The principal question is whether that section has been, by implication, repealed in subsequent legislation.

The appellant insists that such repeal is the result of the forty-sixth clause of Sec. 1 of Art. 5 of the Cities and Villages Act of 1872, and that the next clause is void; and of the act to regulate the sale of intoxicating liquors outside the incorporated limits of cities, towns and villages, of 1887.

In Kern v. The People, 44 Ill. App. 181, the subject of repeal by implication has recently been considered by this court, and it is enough now to refer to that case and the authorities there cited for our reasons for holding that no such repeal has been effected.

The argument that the subsequent legislation must be held to operate as a repeal of the section copied, or it is void as special legislation, for which People v. Cooper, 83 Ill. 585 is cited, has failed to impress us.

The judgment is affirmed.

*Judgment affirmed.*