THE PEOPLE ex rel. Louis Georgetown

v.

E. J. MURPHY, Warden.

*Announced orally April 16, 1903.*

1. STATUTES—*implied repeal of statute is not favored.* Implied re-- peal of a statute by a subsequent enactment, will not be declared if it can be avoided by any reasonable hypothesis.

2. CRIMINAL LAW—*section 6 of division 14 of the Criminal Code not repealed by Parole act.* Section 6 of division 14 of the Criminal Code, requiring the jury to fix the term of imprisonment in convictions. for crimes punishable by penitentiary sentence, was not repealed by the Parole act of 1895, but its operation was suspended as to crimes excepted from its terms by such act.

3. SAME—*effect of amendment of Parole act of 1901.* The withdrawal. of the crime of rape from the operation of the Parole act of 1895 by the amendment of 1901 (Laws of 1901, p. 146,) operated to revive section 6 of division 14 of the Criminal Code, so as to make it applicable to such crime.

4. HABEAS CORPUS—*habeas corpus not allowed to take place of writ of error.* One imprisoned under sentence of a court having jurisdiction of the person and subject matter and with power to render the judgment will not be discharged on *habeas corpus* because of irregularities in the proceedings reviewable upon writ of error.

APPLICATION for writ of *habeas corpus.*

J. GRAY LUCAS, for petitioner.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is a motion on behalf of one Louis Georgetown, *alias* Louis Johnson, that a writ of *habeas corpus* be issued on his original petition filed in this court. It appears. from the petition that said Louis Georgetown was tried before the court and a jury in the criminal court of Cook county at the July term, 1902, on an indictment found at the May term, 1902, of said court, charging him with the crime of rape, and that the jury returned a verdict finding him guilty as charged in the indictment and fixing the time of his imprisonment in the penitentiary at the-

term of twenty-five years; that judgment was rendered upon the verdict and the petitioner was committed to the Illinois State penitentiary at Joliet, and is there now confined, illegally, as he contends. The prayer of the petition is that the warden of the penitentiary be required, by a writ of *habeas corpus,* to bring the petitioner before the bar of this court and make return to the writ, showing by what authority he detains the petitioner in the penitentiary.

Section 237 of division 1 of the Criminal Code, which was enacted March 27, 1874, defines the crime of rape, and provides that any person adjudged to be guilty of the crime shall be punished by imprisonment in the penitentiary "for a term not less than one year, and may extend to life." (Rev. Stat. 1874, p. 388.) Section 6 of division 14 of the Criminal Code provides that in all cases where the punishment of any act declared to be an offense by other provisions of the code, where the punishment shall be by confinement in the penitentiary, the jury, if the case shall be tried before a jury, shall say in their verdict for what time the offender shall be confined. (Ibid. 412.)

Such were the statutory provisions when the act providing for a system of parole was adopted, June 15, 1895. (1 Starr & Cur. Stat. 1896, p. 1414.) Section 1 of that act, as then adopted, provided that every person over the age of twenty-one years who should be convicted of any crime (except treason or murder) which, under the provisions of the Criminal Code, was punishable by imprisonment in the penitentiary, should be sentenced to the penitentiary, but that the court so imposing the sentence should not fix or limit the duration of the imprisonment, and that the term of imprisonment of any such person should not exceed the maximum or be less than the minimum term provided by the statute for the crime for which the person was convicted, and that such convict, under such indeterminate sentence, should be entitled to the

benefit of other provisions of the act relating to the parole or release of such offenders. By section 1 of an act approved April 21, 1899, as the same was amended by the act of May 10, 1901; (4 Starr & Cur. Stat. 1902, p. 432,) the crime of rape and that of kidnapping were, together with the crimes of treason and murder, excepted from the operation of the said section 1 of the act providing for a system of parole.

The contention of the petitioner is, that by the adoption of section 1 of the act of 1895, providing for a system of parole, by which section it was provided that all crimes punishable by imprisonment in the penitentiary, except treason and murder, should be punished by indeterminate sentences in the penitentiary, said section 6 of division 14, which authorized juries who should find persons to be guilty of any such offenses to fix the time of the imprisonment of such persons in the penitentiary, was repealed and no longer constituted a part of the Criminal Code of the State, and that thereafter the only authority for the punishment of a person convicted of the crime of rape was said section 1 of the Parole act, which provided for an indeterminate sentence for such offenders; that the adoption of the act of 1901, removing the crime of rape from the operation of said section 1 of the Parole act, did not operate to revive section 6 of division 14 of the Criminal Code, which, as the petitioner claimed, was repealed by the said Parole act, but left the Criminal Code without any provision for the imprisonment in the penitentiary of any person convicted of the crime of rape, either by a fixed or indeterminate sentence. Hence it is the view of the petitioner that he is confined in the said penitentiary without warrant or authority of law. The error of this position is in the view that the adoption of the Parole act worked the repeal of said section 6 of division 14 of the Criminal Code. The intent to repeal section 6 of division 14 of the Criminal Code is not expressly declared in the Parole act, and repeals by

implication are not favored, and are never declared unless the later act cannot be reconciled with the former. If the later act can be construed as a modification or exception to the earlier one, that course is to be followed and both acts regarded as subsisting enactments. The repeal, by implication, of a statute by a subsequent enactment will not be decreed if it can be avoided by any reasonable hypothesis. *City of East St. Louis* v. *Maxwell,* 99 Ill. 439; *Village of Ridgway* v. *County of Gallatin,* 181 id. 521; 23 Am. & Eng. Ency. of Law,—1st ed.—490-492.

The plan adopted in framing the Criminal Code was to define, in alphabetical order, in division 1 of the code, the offenses which should be deemed criminal, and to declare the manner of punishment to be inflicted and the minimum and maximum thereof, and to provide, by division 14, for the judgment and execution of such punishment. Said section 6 of division 14, which directs that the time of the imprisonment of any person found guilty of any offense against the code punishable by imprisonment in the penitentiary should be fixed by the jury which determined the guilt of such person, was and is general in its character, and was intended to apply to all crimes which, under the provisions of division 1 of the code, were then punishable by that character of imprisonment or which might thereafter be created and made so punishable. The adoption of section 1 of the Parole act did not repeal said section 6 of division 14, but said section 6 remained a subsisting part of the Criminal Code, applicable to all offenses defined in division 1 of the code and made punishable by imprisonment in the penitentiary, except so far as removed from its operation by the provisions of section 1 of the Parole act. Said section 6 still retained its vitality and force except so far as obstructed in its operation by said section 1 of the Parole act. Both sections remained in force, each applicable to the cases which fell within them, respectively. Section 1 of the Parole act superseded the operation of sec-

tion 6 of division 14 as to such cases as were included in the class of cases controlled by said section 1, but said section 6 remained an integral part of the Criminal Code, possessing vitality and force and having application to every crime defined in division 1 of the Criminal Code, except as its operation should be displaced or suspended by section 1 of the Parole act. Therefore, whenever section 1 of the Parole act was so amended as to withdraw from the operation of its provisions the crime of rape, the provisions of said section 6 of division 14 at once applied in full force and vigor to that crime.

Apart, however, from any question as to the repeal of said section 6 of division 14 of the Criminal Code, the writ must be denied. The criminal court of Cook county had jurisdiction to hear and determine the charge of rape preferred in the indictment against the petitioner and had jurisdiction of the person of the defendant. The judgment of the court, even if erroneous, is not void. Any error in the course of the proceeding could be corrected by direct attack upon the judgment by writ of error, but the writ of *habeas corpus* cannot be awarded as a substitute for the writ of error. Paragraph 2 of section 21 of the Habeas Corpus act (2 Starr & Cur. Stat. 1896, p. 2104,) provides that no person shall be discharged by virtue of the writ of *habeas corpus* if he is in custody, "by virtue of a final judgment or decree of any competent court of civil or criminal jurisdiction, or of any execution issued upon such judgment or decree, unless the time during which such party may be legally detained has expired." In *People ex rel.* v. *Allen,* 160 Ill. 400, *People ex rel.* v. *Jonas,* 173 id. 316, and *People ex rel.* v. *Murphy,* 188 id. 144, in obedience to this statutory provision, the doctrine was announced that "a person imprisoned under the sentence of a court having jurisdiction of the subject matter and the person of the defendant, and power to render the judgment, cannot be discharged on *habeas corpus* because of irregularities in the proceedings under which he is

convicted, his remedy in such cases being by writ of error. It is only when the judgment of conviction is void that a court will discharge a petitioner on *habeas corpus.*"

The motion that a writ of *habeas corpus* issue on the petition of said Louis Georgetown, *alias* Louis Johnson, must be denied.

                                         *Motion denied.*