THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* N. S. HAHN, Plaintiff in Error.

*Opinion filed February 20, 1908.*

CRIMINAL LAW—*court has power to fix time of solitary confinement of one convicted of murder.* Paragraph 444 of the Criminal Code, authorizing the court, in sentencing one convicted of murder, to designate what portion of the time fixed in the jury's verdict shall be solitary confinement and what portion shall be devoted to hard labor, was not repealed by section 6 of the act of 1893, providing that wardens of penitentiaries shall cause all prisoners physically able to work at useful labor, not exceeding eight hours a day, other than Sundays and holidays.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. ROBERT J. GRIER, Judge, presiding.

CANTWELL & ROTH, for plaintiff in error.

W. H. STEAD, Attorney General, and ADDISON J. BOU-
TELLE, State's Attorney, (F. F. COOKE, of counsel,) for de-
fendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error was tried and convicted of murder at
the March term, 1906, in the Knox county circuit court,
and his punishment fixed by the jury at imprisonment in
the penitentiary for a term of fifteen years. No motion was
made for a new trial and the court sentenced the plaintiff in
error to confinement in the penitentiary for a term of fifteen
years, the first twenty-four hours of said term in solitary
confinement and the residue of the term at hard labor.

There is no bill of exceptions in the record, and the only
errors discussed in plaintiff in error's brief and argument
which have any appearance of being material are, (1) that
the record does not show the grand jurors were empaneled
and sworn; (2) that the record does not show the indict-
ment was found by a grand jury and returned into open
court; (3) the court erred in sentencing plaintiff in error
to twenty-four hours in solitary confinement.

It appears plaintiff in error filed only a partial record,
and the errors assigned were assigned upon this incomplete
record. The People, by leave of court, have filed a com-
plete record, which counsel for plaintiff in error in their
reply brief admit obviates the objections raised upon the in-
complete record. We have examined the complete record,
and this is clearly true. The only question, therefore, left
for consideration is as to whether the court erred in sen-
tencing the plaintiff in error to twenty-four hours' solitary
confinement.

Murder is excepted from the crimes for which an in-
determinate sentence is imposed under what is known as
the parole system. The jury in a murder case fix the pun-
ishment, and if the punishment is fixed at imprisonment in

232—27

the penitentiary the jury fix the term of imprisonment. Paragraph 444 of the Criminal Code provides, that "in all cases where the punishment shall be confinement in the penitentiary, if the case is tried by a jury, the jury shall say in their verdict for what time the offender shall be confined, and the court, in pronouncing sentence, shall designate what portion of time the offender shall be confined to solitary imprisonment, and what portion to hard labor." In 1903 the legislature passed an act to regulate the employment of convicts and prisoners in the penal and reformatory institutions of the State. Section 6 of that act provides that wardens of penitentiaries shall, "so far as practicable, cause all the prisoners in said institutions who are physically capable thereof, to be employed at useful labor not to exceed eight hours of each day, other than Sundays and public holidays." Plaintiff in error contends that this statute is in conflict with that part of paragraph 444 of the Criminal Code which authorizes the court rendering judgment to designate what portion of the time for which the prisoner is sentenced to the penitentiary he shall spend in solitary confinement, and must be held to have repealed said paragraph of the Criminal Code by implication. We do not think there is any conflict between the two statutes. The act of 1903 was passed for the government of wardens in the employment of convicts in the penitentiaries, so far as practicable, and was not intended to repeal or interfere with the provision of the Criminal Code conferring power upon the court sentencing a prisoner to prescribe what portion of the time he is sentenced for shall be spent in solitary confinement.

The judgment is affirmed.          *Judgment affirmed.*