(No. 29249.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. HARRY HOLDERFIELD, Plaintiff in Error.

*Opinion filed January 23, 1946—Rehearing denied March 18, 1946.*

HARRY HOLDERFIELD, *pro se.*

GEORGE F. BARRETT, Attorney General, and J. MAX MITCHELL, State's Attorney, of West Frankfort, for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

Plaintiff in error, Harry Holderfield, together with Roy Riddle, John Castleman and Ira Newton, was indicted by the grand jury of the circuit court of Franklin county, on November 23, 1936, for the crime of robbery while armed with a gun. D. F. Moore, an attorney of said court, was appointed by the court to represent him, and on a trial before a jury the defendant was found guilty of robbery with a gun. Motions for new trial and in arrest of judgment were made and denied, and on June 10, 1937, he was

sentenced to the Illinois State Penitentiary at Menard for a term of years not less than the minimum nor more than the maximum, and was further sentenced to be placed in solitary confinement once each year for the first ten years on the anniversary of the crime committed. He was later transferred to the penitentiary at Joliet, where he is now confined. This writ of error was sued out to the November term, 1945, of this court, and plaintiff in error appears *pro se*.

Plaintiff in error contends that the judgment order of sentence providing for solitary confinement was entered under an act which was superseded by the Sentence and Parole Act, and that judgment entered under such act is applicable only where the jury is empowered to fix the punishment; that the judgment order providing for solitary confinement was contrary to law; that the court was without jurisdiction to enter said sentence for solitary confinement, and that plaintiff in error was denied "equal protection of the law" in that greater penalties have been imposed upon him than are imposed upon another for a like offense, and lastly, that the court erred when it imposed a minimum term of imprisonment greater than that prescribed and authorized by statute for the crime of which he was convicted. Plaintiff in error presents a common-law record but no bill of exceptions is included and no question is raised as to the guilt of plaintiff in error.

Section 246 of division I of the Criminal Code defines the statutory offense with which plaintiff in error was charged as follows: "Robbery is the felonious and violent taking of money, goods or other valuable thing from the person of another by force or intimidation. Every person guilty of robbery shall be imprisoned in the penitentiary not less than one year nor more than twenty years; or if he is armed with a dangerous weapon, or if he has any confederate present so armed, to aid or abet him, he shall be imprisoned in the penitentiary for any term of years

not less than one year or for life." Ill. Rev. Stat. 1935, chap. 38, par. 515.

In his argument plaintiff in error admits that he was legally convicted, but prays that the judgment order of sentence be reversed and the cause remanded for the sole purpose of entering a proper sentence, and further states that because the sentence of the court ordered that he be placed in solitary confinement on the anniversary of the commission of the crime for the first ten years of his sentence, that has, in effect, set the minimum term of imprisonment at ten years; "that even though the court had no authority to enter said judgment, it has greatly influenced the Parole Board to the prejudice of the plaintiff in error and has worked an unnecessary hardship upon him in that it has implanted in the minds of the Parole Board the fact that plaintiff in error is a special sort of vicious criminal requiring additional or more severe punishment than another person for a like offense."

The record shows that plaintiff in error had formerly been convicted and served a sentence in the Illinois State Penitentiary at Menard, although he was not indicted as an habitual criminal, and there were four other indictments pending against him at the time of his sentence on the robbery conviction.

Section 6 of division XIV of the Criminal Code, in 1935, read as follows: "In all cases where the punishment shall be confinement in the penitentiary, if the case is tried by a jury, the jury shall say in their verdict for what time the offender shall be confined, and the court, in pronouncing sentence shall designate what portion of time the offender shall be confined to solitary imprisonment and what portion to hard labor." Ill. Rev. Stat. 1935, chap. 38, par. 778.

Section 2 of the Sentence and Parole Act of 1917, as amended in 1933, provided: "That, except for the crimes enumerated in section 1 of this Act [misprision of treason,

murder, rape or kidnaping], every sentence to the penitentiary or to the reformatory for women, and every sentence or commitment to any other State institution now or hereafter provided by law for the incarceration, punishment, discipline, training or reformation of persons convicted and sentenced to, or committed to such institution (not including, however, county jail) shall be a general sentence of imprisonment, and the courts of this State imposing such sentence or commitment shall not fix the limit or duration of such imprisonment." Ill. Rev. Stat. 1935, chap. 38. par. 796.

It is the contention of the People that both section 6 of division XIV and section 2 of the Parole Act, above cited, were still in force and effect and that the passage of the Sentence and Parole Act did not repeal the above section of the Criminal Code.

We do not believe that section 6 of division XIV of the Criminal Code is subject to the construction put upon it by plaintiff in error, that is, that the only time that the court is authorized, in pronouncing sentence, to designate the time that the defendant shall be confined to solitary imprisonment and what portion to hard labor, is where the jury found him guilty of one of the crimes designated in section 1 of the Parole Act, to wit: treason, murder, rape, or kidnaping, in which event the jury shall, by its verdict, fix the term in the penitentiary. The language of section 6 above quoted is general in its terms.

Section 2 of the Sentence and Parole Act modified the provisions of section 6 of division XIV of the Criminal Code to the extent that, except for the crimes designated in section 1 of the Parole Act, the jury shall not fix the limit or duration of the imprisonment, and it provides that the sentence shall be a general sentence of imprisonment which shall be for not less than the minimum nor greater than the maximum term provided by law. It did not, however, repeal that part of section 6 which gives to the court

authority to sentence a defendant to solitary imprisonment or to hard labor, or both.

It was contended by plaintiff in error in the case of *Featherstone* v. *People,* 194 Ill. 325, that the new section 9 of the act of 1897 covered the same subject matter and related to the same thing as the Habitual Criminal Act and by implication repealed the Habitual Criminal Act of 1883. In *People* v. *Hartsig,* 249 Ill. 348, at page 352, we said: "The subject of fixing punishments for crime is not within the scope of the title," (of the Parole Act,) and, at page 353, we said: "The Parole law does not even refer to the Criminal Code in any way or to section 46 [of the Criminal Code, which defines the crime of robbery] and contains no intimation of any intention to amend that section or any other which fixes the punishment for a crime." In the case of *People* v. *Hahn,* 232 Ill. 416, we held that paragraph 444 of the Criminal Code (which is the same as section 6 of division XIV of the Criminal Code in force in 1935) which authorized the court, in sentencing one to the penitentiary, to designate what portion of the time fixed in the jury's verdict shall be solitary confinement and what part shall be devoted to hard labor, was not repealed by section 6 of the Act of 1903 providing that wardens of penitentiaries shall cause all prisoners, physically able, to work at useful labor, not exceeding eight hours a day, other than Sundays and holidays. The defendant in that case was sentenced to a term of fifteen years in the penitentiary for murder, and it was contended that the court erred in sentencing plaintiff in error to twenty-four hours in solitary confinement because section 6 of the act of 1903 was "in conflict with that part of paragraph 444 of the Criminal Code which authorizes the court rendering judgment to designate what portion of the time for which the prisoner is sentenced to the penitentiary he shall spend in solitary confinement, and·must be held to have repealed said paragraph of the Criminal Code by implication." We

said, at page 418: "We do not think that there is any conflict between the two statutes. The act of 1903 was passed for the government of wardens in the employment of convicts in the penitentiaries, so far as practicable, and was not intended to repeal or interfere with the provision of `the Criminal Code conferring power upon the court sentencing a prisoner to prescribe what portion of the time he is sentenced for shall be spent in solitary confinement."

In *People ex rel. Georgetown* v. *Murphy*, 202 Ill. 493, this court was called upon to construe the effect of the passage of the Parole Act of June 15, 1895, upon section 6 of division XIV of the Criminal Code. The defendant there had been convicted of the crime of rape, punishment for which under the Criminal Code was by imprisonment in the penitentiary for not less than one year and may extend to life. Section 1 of that Parole Act excluded only the crimes of treason or murder, and it was contended that inasmuch as rape was not also excluded under section 1 as it was in the Parole Act of 1917, and still is, said section 6 was repealed and no longer constituted a part of the Criminal Code of this State, and that thereafter the only authority for the punishment of a person convicted of rape was section 1 of the Parole Act which provided for an indeterminate sentence, and that the adoption of the act of 1901, which removed the crime of rape from the operation of the Parole Act, did not operate to revive section 6 of the Criminal Code and, therefore, there was no provision for the imprisonment in the penitentiary of a person convicted of rape. At the bottom of page 495 and on page 496 and 497, we, however, said: "The intent to repeal section 6 of division 14 of the Criminal Code is not expressly declared in the Parole act, and repeals by implication are not favored, and are never declared unless the later act can not be reconciled with the former. If the later act can be construed as a modification or exception to the earlier one, that course is to be followed and both acts

regarded as subsisting enactments. The repeal by implication of a statute by a subsequent enactment will not be decreed if it can be avoided by any reasonable hypothesis. [Citing *City of East St. Louis* v. *Maxwell*, 99 Ill. 439; *Village of Ridgeway* v. *County of Gallatin*, 181 Ill. 521.] * * * Said section 6 of division 14 which directs that the time of the imprisonment of any person found guilty of any offense against the code punishable by imprisonment in the penitentiary should be fixed by the jury which determined the guilt of such person, was and is general in its character, and was intended to apply to all crimes which, under the provisions of division 1 of the code, were then punishable by that character of imprisonment or which might thereafter be created and made so punishable. The adoption of section 1 of the Parole act did not repeal said section 6 of division 14, but said section 6 remained a subsisting part of the Criminal Code applicable to all offenses defined in division 1 of the code and made punishable by imprisonment in the penitentiary, except so far as removed from its operation by the provisions of section 1 of the Parole act. Said section 6 still retained its vitality and force except so far as obstructed in its operation by said section 1 of the Parole act. Both sections remained in force, each applicable to the cases which fell within them, respectively. Section 1 of the Parole act superseded the operation of section 6 of division 14 as to such cases as were included in the class of cases controlled by said section 1, but said section 6 remained an integral part of the Criminal Code, possessing vitality and force and having application to every crime defined in division 1 of the Criminal Code, * * *." In other words, the Parole Act withdrew from section 6 the power of the jury to fix a definite term of imprisonment in the penitentiary for all the crimes punishable by imprisonment in the penitentiary except those expressly excluded under section 1.

From a reading of these various sections of the Criminal Code, we cannot say that they are inconsistent or repugnant. Repeals by implication are not favored, and it is only where there is a clear repugnance between the two acts and the provisions of both cannot be carried into effect that the later law must prevail. (*Kizer* v. *City of Mattoon,* 332 Ill. 545, at 548; *City of Chicago* v. *Hastings Express Co.* 369 Ill. 610, at 615; *City of Geneseo* v. *Illinois Northern Utilities Co.* 378 Ill. 506, at 529.) The intention of the legislature to repeal must be clear and manifest. (*U. S.* v. *Borden Co.* 308 U. S. 188, 60 Sup. Ct. 182.) For a later statute to operate as a repeal by implication of an earlier one, there must be such manifest and total repugnance that the two cannot stand together. (*Butz* v. *Kerr,* 123 Ill. 659; *Town of Ottawa* v. *County of LaSalle,* 12 Ill. 339; *Hume* v. *Gossett,* 43 Ill. 297.) If two statutes are capable of being so construed that both may stand, it is the duty of the court to so construe them. *Holden* v. *Daly,* 106 Ill. 131; *People ex rel. Schack* v. *Brayton,* 94 Ill. 341.

In the case of *Capone* v. *United States,* 51 Fed. 2d 609, the court said: "If the sentence were within the power of the court to impose, it is not in any manner affected by the operation of the Parole Law. It is for the court to impose such penalty as in its discretion is proportionate to the offense. If and when the Parole Law may be invoked in a given case is a matter for subsequent consideration and proceedings under the law." Citing *Hawkins* v. *United States,* 14 Fed. 2d 596.

We have held in *People* v. *Elliott,* 272 Ill. 592, that a punishment authorized by law cannot be said to be disproportionate to the nature of the offense unless the law itself which imposes the punishment is subject to that objection, and to justify holding the law invalid on that ground there must be a clear violation of the constitutional provision.

See, also, *People ex rel. Bradley* v. *Illinois State Reformatory*, 148 Ill. 413.

In the reply brief of plaintiff in error he states that he heartily agrees that said section 6 of division XIV is in full force and effect, but in considering the plain language of said statute he contends that said section can be applied only to section 1 of the Sentence and Parole Act under which the jury fixes the term of imprisonment for the crimes of treason, murder, rape and kidnaping.

It is significant in this connection to remark that the legislature of this State on May 29, 1943, expressly repealed section 6 and also sections 7, 8 and 9 of division XIV of the Criminal Code and added section 6a to division XIV, which provides as follows:

"The provisions of 'An Act to revise the law in relation to the fixing of the punishment and the sentence and commitment of persons convicted of crime or offenses and providing for a system of parole,' approved June 25, 1917, as amended, shall apply to all crimes or offenses herein enumerated to which said Act may be applicable. In all convictions for such crimes or offenses, the fixing of the punishment and the sentence and method of imposition thereof, shall be as therein provided.

"For all crimes or offenses to which the Act cited in the preceding paragraph may not be applicable, the following procedure shall apply:

"(a) Where the punishment shall be confinement in the penitentiary, and the case is tried by a jury, the jury shall say in its verdict for what time the offender shall be confined, and the court, in pronouncing sentence, shall designate what portion of the time the offender shall be confined to solitary imprisonment, and what portion to hard labor. When a fine is also to be inflicted, the jury shall fix the amount thereof."

The remaining paragraphs deal with the procedure when the punishment is either imprisonment in the penitentiary

or in the county jail, with or without fine, and the imposition of fines, etc.

If the construction contended for by plaintiff in error is correct, then there would be no necessity for the legislature to expressly repeal section 6, as it did in 1943, in the above act. Apparently the legislature considered section 6 to be in full force and effect because it was expressly repealed. However, at the time plaintiff in error was sentenced, we are of the opinion that that part of section 6 which authorized the court to impose sentence by imprisonment in solitary confinement, or at hard labor, was in full force and effect and that there was no error on the part of the trial court in imposing said sentence.

The judgment of the circuit court of Franklin county is, therefore, affirmed.

*Judgment affirmed.*