**UNITED STATES ex rel. HOLDERFIELD**
**v. RAGEN, Warden.**

**No. 9647.**

United States Court of Appeals
Seventh Circuit.

Oct. 28, 1948.

Abner F. Bond, of Chicago, Ill., for appellant.

George F. Barrett, Atty. Gen., and William C. Wines, Asst. Atty. Gen. (Raymond S. Sarnow and James C. Murray, Asst. Attys. Gen., of counsel), for appellee.

Before SPARKS, Chief Judge, KERNER, Circuit Judge, and LINDLEY, District Judge.

LINDLEY, District Judge.

This is an appeal from a judgment denying a petition for a writ of habeas corpus.

The facts are not in dispute. In 1937, in the Circuit Court of Franklin County, Illinois, appellant was convicted upon an indictment charging him with robbery while armed. His sentence read: " * * * Judgment is now rendered by the court on the verdict of the jury, and now on the verdict, the defendant, Harry Holderfield is sentenced to the Illinois State Penitentiary for the crime of robbery with a gun for a term of years *not less than the minimum nor more than the maximum,* defendant, Harry Holderfield, is *also sentenced to be placed*

*in solitary confinement, once each year for the first ten years on the anniversary of the crime committed."* (Emphasis added)

Appellant denies neither his guilt nor the fairness of his trial, but contends that his federal rights were violated in that the trial court imposed a sentence in excess of that allowed by Illinois law. Specifically, he insists that the provision for solitary confinement could not properly be made a part of the sentence and that it had the effect of a ten year minimum sentence, whereas the statute provides for a minimum of only one year. He urges, therefore, that he received a more severe punishment than other Illinois persons who had committed the same offense and that, thereby, he was deprived of the equal protection of the laws guaranteed him by the Fourteenth Amendment of the federal constitution.

It is conceded that, at the time of his sentence, the pertinent statute, Ill.Rev.Stats. 1935, Chap. 38, par. 515, Smith-Hurd Stats. c. 38, § 501, provided for a general sentence of imprisonment and that the court could not impose a minimum sentence greater than one year.

■ In a writ of error prosecuted in the Illinois Supreme Court, appellant raised the same issues presented here. In a well reasoned opinion, the Illinois Supreme Court held that Section 6 of division XIV of the Criminal Code, Ill.Rev.Stats. Chap. 38, par. 778, Smith-Hurd Stats. c. 38, § 754, authorized the trial court to include the solitary confinement provision. While the court did not specifically announce that the solitary confinement provision did not impose a minimum ten year sentence, it is obvious that it necessarily so decided; otherwise it could not have concluded that "there was no error on the part of the trial court in imposing said sentence." People v. Holderfield, 393 Ill. 138, 65 N.E.2d 443, 447, certiorari denied 328 U.S. 862, 66 S.Ct. 1354, 90 L.Ed. 1632. Inasmuch as the question of whether the trial court could properly impose the provision for solitary confinement is purely one of state statutory construction, we must accept the construction adopted by the Illinois Supreme Court. As to the question of whether that provision in the trial court's judgment was equivalent to the imposition of a ten year minimum sentence contrary to the provisions of the armed robbery statute, it would seem that the Illinois Supreme Court necessarily answered this question in the negative when it held that there was no error in the sentence imposed. The United States Supreme Court denied certiorari. Under these circumstances, we ordinarily do not reexamine on habeas corpus the questions thus adjudicated. Ex parte Hawk, 321 U.S. 114, 118, 64 S.Ct. 448, 88 L.Ed. 572; White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348.

■ But, even assuming that the question has not been specifically decided in Illinois, we can not accept appellant's contention that he was given a ten year minimum sentence. The plain reading of the language used in sentencing him leads us to the conclusion that the trial court intended that he spend the first ten anniversaries of the crime in solitary confinement, provided the Parole Board did not see fit to parole him prior to some of those anniversaries. It would necessitate a strained and unreasonable construction to conclude that the sentence prohibited the Parole Board from considering relator's case until he had served ten years. It is evident that the Parole Board did not so interpret the sentence because, at the end of one year, it did call up relator's case. Parole is a matter of grace, not of right. Thus, the mere fact that to date appellant has been denied parole does not sustain his contention that his sentence was contrary to Illinois law.

We have extended this opinion, perhaps unduly, solely for the purpose of demonstrating that appellant has presented no question arising under the constitution or the laws of the United States. The statute itself has been upheld by the Supreme Court in Dreyer v. People, 187 U.S. 71, 23 S.Ct. 28, 47 L.Ed. 79, and its interpretation is for the Illinois courts.

We conclude that appellant has not been deprived of any federal right.

We express our appreciation of the zeal and helpful suggestions of counsel appointed by this court to represent appellant.

The judgment is affirmed.